129 N.J. Super. 351 (1974)
323 A.2d 549
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CARL C. SCHLUE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted June 25, 1974.
Decided July 10, 1974.
*352 Before Judges KOLOVSKY, LEONARD and CARTON.
Mr. Frank J. Ferry, attorney for appellant.
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. George H. Henningsen, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by KOLOVSKY, P.J.A.D.
Defendant appeals from the judgment of conviction entered on a jury verdict finding him *353 guilty of obstruction of justice. At common law it was, and under N.J.S.A. 2A:85-1 it still is, a misdemeanor "to do any act which prevents, obstructs, impedes, or hinders the due course of public justice." State v. Cassatly, 93 N.J. Super. 111, 118 (App. Div. 1966).
The indictment on which defendant was tried alleged, in essence, that between July 20, 1971 and August 15, 1971:
(1) The State police were conducting an investigation "concerning the activities of [defendant] and divers others associated with him in connection with the payment of sums of money by various individuals to [defendant] for the purpose of acquiring and retaining work as ironworkers," and
(2) Defendant, knowing of the investigation and knowing that one Ricci "had information germane to the said investigation," wilfully and corruptly sought to induce and persuade Ricci "to deny falsely, if questioned in the course of the investigation that he * * * had such information; to the obstruction, hindrance and impedance of the due course of public justice."
Defendant does not contend that the evidence adduced, consisting primarily of Ricci's testimony and a recorded tape of a meeting between defendant and Ricci, does not furnish plenary support for the jury's verdict. Ricci's testimony and the tapes, if credited, established that in the spring and summer of 1971 defendant, who knew that the State Police were conducting an investigation with respect to payments allegedly made to him by Ricci and others, sought to induce Ricci to mislead the State Police and tell them that he had no information as to any wrongdoing by defendant.
Ricci also testified to events which had allegedly occurred the year before, in April 1970. According to him, he had then paid defendant, who had some official connection with an ironworkers union, $2,100 and had agreed to, and thereafter did pay to defendant $10 for each day he worked, this in return for defendant seeing to it that Ricci procured a "union book" which enabled him to work as an ironworker.
Defendant concedes that evidence with respect to the payments allegedly made by Ricci to him would normally be *354 admissible to show his motive for seeking to induce Ricci to mislead the State Police. However, he contends that in this case the evidence was not admissible because, at a prior trial in October 1972 of an indictment charging him with a violation of N.J.S.A. 2A:93-8 by reason of his having received such payments from Ricci, a jury had found him not guilty. Further, defendant argues that the acquittal at the prior trial entitled him to invoke "double jeopardy" and "collateral estoppel" as a bar to his prosecution for obstruction of justice.
The several arguments are all without merit. The present prosecution for obstruction of justice based on acts committed by him in July and August 1971 was not barred by his prior acquittal in a prosecution for bribery based on acts done by him in April 1970, allegedly in violation of N.J.S.A. 2A:93-8, which reads as follows:
Any person who gives, offers or promises any money, real estate, service or thing of value to any foreman or person having other workmen or employees under his control or authority, for the purpose of influencing him to employ or retain any workman or employee in any position, or for the purpose of procuring employment or avoiding discharge therefrom, and any such foreman, or person in control or authority, who accepts or agrees or offers to accept any money, real estate, service or thing of value for any of such purposes, is guilty of a misdemeanor.
Contrary to what defendant argues, he has not been tried twice for the same offense. There is no warrant for sustaining defendant's plea of double jeopardy  this whether we apply the "same transaction" test, State v. Roller, 29 N.J. 339, 345 (1959), the "same evidence" test, State v. Labato, 7 N.J. 137, 144-147 (1951), or the "lesser included offense" test, State v. Dixon, 40 N.J. 180 (1963).
The two alleged offenses for which defendant was tried were separate criminal transactions occurring more than a year apart. The elements of each crime are distinct and different. The elements of the crime of obstructing justice are the doing of an act which obstructs, impedes or hinders the due course of public justice  here, seeking to induce another *355 to give false information to the police authorities engaged in an investigation.
None of these is a constituent element of the bribery offense for which defendant was theretofore tried. The elements of that offense and the ultimate issues of facts which were to be decided at the first trial were:
(1) Whether defendant was a "foreman or person having other workmen or employees under his control or authority," and
(2) Whether defendant accepted or agreed or offered to accept money or other thing of value "for the purpose of influencing him to employ or retain any workman or employee in any position, or for the purpose of procuring employment or avoiding discharge therefrom * * *."
Nor is there any merit to the argument that the prosecution for obstruction of justice should have been barred on the grounds of collateral estoppel. Cf. State v. Redinger, 64 N.J. 41 (1973); State v. McCue, 122 N.J. Super. 171 (App. Div. 1973). Collateral estoppel means simply "that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Ashe v. Swenson, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970). See also, State v. Ebron, 61 N.J. 207 (1972).
As we have already indicated, none of the issues of ultimate fact in the prosecution for obstruction of justice were involved or decided in the trial on the bribery charge.
Further, the fact that defendant had been acquitted in October 1972 of the bribery charge stemming from the payments allegedly made to him by Ricci did not bar the introduction of Ricci's testimony as to the alleged payments for the purpose of showing his motive, in July and August 1971, for seeking to induce Ricci to mislead the State Police. State v. Yormark, 117 N.J. Super. 315, 337 (App. Div. 1971), certif. den. 60 N.J. 138, 139 (1972), cert. den. 407 U.S. 925, 92 S.Ct. 2459, 32 L.Ed.2d 812, 409 U.S. 862, 93 S. *356 Ct. 151, 34 L.Ed.2d 109; State v. Robinson and Chittenden, 16 N.J.L. 507 (Sup. Ct. 1838). As the court said in Yormark, supra:
* * * The admission of such testimony, although it relates to other alleged offenses for which the defendants had been previously acquitted, is upheld by the great weight of authority throughout the country.
Defendant also argues, without any citation of supporting authority, that the court erred in precluding him from informing the jury that he had been acquitted at the prior trial for a violation of N.J.S.A. 2A:93-8.
We disagree. The very reasons adverted to in State v. Robinson and Chittenden, supra, for not barring the State, despite the prior acquittal, from offering evidence with respect to the payments allegedly made by Ricci to defendant also apply to bar the admission of evidence that defendant had been acquitted. As noted in Robinson and Chittenden, the record of the judgment of acquittal at the prior trial does not disclose why defendant was then acquitted. It may have been because the jury was not satisfied that defendant was a "foreman or person having other workmen or employees under his control or authority." The jury verdict did not necessarily mean that the jury at the first trial did not believe Ricci's testimony that he had made the payments to defendant. No justification appears for admitting the acquittal into evidence and thus opening the door to a full collateral investigation into what transpired at the former trial and why the first jury found as it did.
There is some authority which tends to support defendant's argument. See, e.g., Annotation, "Evidence  other offense  acquittal," 86 A.L.R.2d 1132, 1144 (1962), but we find it unpersuasive. Cases such as People v. Griffin, 66 Cal.2d 459, 58 Cal. Rptr. 107, 426 P.2d 507 (Sup. Ct. 1967), involved situations in which it appeared that the judgment record of the former trial  there, a Mexican judgment acquitting defendant of assault and rape  contained specific *357 and detailed findings of fact contrary to the testimony offered, to show the similarity of the circumstances of the two attacks, at defendant's later trial in California for murder of another woman.
Further, the acquittal in October 1972 was not relevant to the question of the defendant's motive in July-August 1971, the critical dates involved in the trial for obstruction of justice, see State v. Heaton, 56 N.D. 357, 217 N.W. 531 (Sup. Ct. 1928), nor was it material to the ultimate and controlling question whether defendant, knowing of the State Police investigation, had sought to thwart it by attempting to have Ricci mislead the State Police.
Finally, there is no substance to defendant's argument that, even though he had not moved for consolidation, the State should have moved for a consolidated trial of the bribery and obstruction of justice indictments.
The judgment of conviction is affirmed.