971 A.2d 401

G.H., PLAINTIFF–RESPONDENT, v. TOWNSHIP OF
GALLOWAY, DEFENDANT–APPELLANT.

TOWNSHIP OF CHERRY HILL, PLAINTIFF–APPELLANT,
v. JAMES BARCLAY AND JEFFREY FINGUERRA,
DEFENDANTS–RESPONDENTS.

Argued March 24, 2009—Decided May 7, 2009.

*William F. Cook,* argued the cause for appellant Township of
Cherry Hill (*Brown & Connery,* attorneys; *Mr. Cook, William M.
Tambussi,* and *Abigail M. Green,* on the briefs).

*Demetrios K. Stratis,* argued the cause for appellant Township
of Galloway (*Mr. Stratis* and *Stuart J. Roth,* a member of the
District of Columbia bar, attorneys).

*Frank L. Corrado,* argued the cause for respondent G.H. (*Barry, Corrado, Grassi & Gibson* and *Edward L. Barocas,* attorneys).

*Scott T. Schweiger,* argued the cause for respondents James
Barclay and Jeffrey Finguerra.

*Lynette Siragusa,* argued the cause for *amicus curiae* Legal
Services of New Jersey (*Melville P. Miller, Jr.,* President, attorney).

*Michael Z. Buncher,* Deputy Public Defender, submitted a
letter in lieu of brief on behalf of *amicus curiae* Office of the
Public Defender (*Yvonne Smith Segars,* Public Defender, attorney).

*Stephen M. Latimer,* submitted a letter in lieu of brief on behalf
of *amicus curiae* New Jersey Chapter of the Association for the
Treatment of Sexual Abusers (*Loughlin & Latimer,* attorneys).

*Joan D. Van Pelt,* Deputy Public Advocate, submitted a letter in
lieu of brief on behalf of *amicus curiae* Department of the Public
Advocate (*Ronald K. Chen,* Public Advocate, attorney).

PER CURIAM.

We granted certification in this consolidated appeal to review an Appellate Division determination that Megan's Law, see N.J.S.A. 2C:7–1 to –19, preempted and required the invalidation of municipal ordinances enacted by Cherry Hill Township and Galloway Township. The challenged ordinances each operated to prohibit convicted sex offenders from living within a designated distance of any school, park, playground, public library, or daycare center in its respective municipal jurisdiction. We now affirm the judgment of the Appellate Division substantially for the reasons expressed in Judge Lisa's comprehensive opinion. *G.H. v. Twp. of Galloway*, 401 *N.J.Super.* 392, 951 *A.*2d 221 (2008). Accordingly, we hold that Cherry Hill Township's and Galloway Township's ordinances, establishing residency restrictions that formed buffer zones for convicted sex offenders living within their communities, are precluded by the present, stark language of Megan's Law. It is that language which controls.

That said, we add the following. At oral argument, this Court was urged to provide guidance about the limits to Megan's Law's preemption of municipal action in respect of convicted sex offenders. Cherry Hill also sought to have this Court address hypothetical variations of its present ordinance, presumably to glean advice that might salvage an ordinance to replace the one invalidated. We cannot answer abstract questions or give advisory opinions. *See Crescent Pk. Tenants Ass'n v. Realty Eq. Corp. of N.Y.*, 58 *N.J.* 98, 107, 275 *A.*2d 433 (1971); *N.J. Tpk. Auth. v. Parsons*, 3 *N.J.* 235, 240, 69 *A.*2d 875 (1949). The judicial function operates best when a concrete dispute is presented to the courts. All that is before us is the viability of the challenged ordinances. That was all that was before the Appellate Division and that is all we can address. Accordingly, we decline the municipalities' requests that we answer hypothetical questions about un-enacted ordinances or that we provide advisory opinions to function in the abstract.

The judgment of the Appellate Division is affirmed.

*For affirmance*—Chief Justice RABNER and Justices LONG, LaVECCHIA, ALBIN, RIVERA–SOTO and HOENS—6.

*Opposed*—None.