SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized.)

## State of New Jersey v. J.M., Jr. (A-48-14) (075317)

**Argued January 19, 2016 -- Decided May 26, 2016**

**CUFF, P.J.A.D. (temporarily assigned), writing for a unanimous Court.**

In this appeal, the Court considers whether the State may introduce in defendant's trial for sexual assault evidence of a prior sexual assault of which defendant was acquitted.

Defendant, a massage therapist, was charged with sexually assaulting a customer (E.S.) while giving her a massage. E.S. alleged that after defendant massaged her back, he lifted the privacy cover as E.S. turned beneath it, and began massaging her front side. While massaging E.S.'s right thigh, defendant asked if he could continue to massage E.S. further up her leg. E.S. told him no. Defendant continued to massage the area, slightly higher than the location E.S. had said was high enough. When massaging E.S.'s left leg, defendant did not wait for permission before massaging her upper thigh. Instead, he asked aloud "can I get closer?" and immediately answered his own question with "I'm [going to] get closer." Moments later, defendant placed his hand underneath E.S.'s upper thigh and digitally penetrated her vagina. Defendant repeated the action, at which point E.S. opened her eyes; defendant had one hand on her head, one hand in her vagina, and was exposing himself to her. Defendant asked E.S. to perform oral sex on him, which E.S. refused. E.S. later reported the sexual assault to a spa manager.

Defendant was arrested and taken to police headquarters to be interviewed. He denied any sexual contact with E.S., stating that "nothing out of the ordinary happened during [the] massage." A grand jury charged defendant with one count of second-degree sexual assault and one count of fourth-degree criminal sexual contact.

Prior to defendant's trial, the State moved under N.J.R.E. 404(b) to admit extrinsic evidence of a prior incident in which defendant had been charged with, but ultimately acquitted of, sexually assaulting a female spa customer in Florida. At the hearing on the State's motion, A.W., the alleged victim, testified about the alleged prior assault. A.W.'s description shared certain similarities with E.S.'s experience, including that defendant lifted the sheet as A.W. turned from lying face down to lying on her back, just as defendant did with E.S. The trial court found the evidence admissible under N.J.R.E. 404(b), even though defendant had been acquitted of the prior crime.

On leave granted, the Appellate Division reversed the trial court's decision, finding the evidence inadmissible. 438 N.J. Super. 215 (App. Div. 2014). The appellate panel held that the testimony was inadmissible because A.W.'s proposed testimony failed to satisfy any of the four factors set forth in State v. Cofield, 127 N.J. 328 (1992). The appellate further held that, when a defendant has been acquitted of a prior crime, evidence pertaining to that crime "should never be admitted pursuant to N.J.R.E. 404(b)." Id. at 230. In addition, the appellate panel held that, when other-crime evidence plays a "pivotal role" in the State's case against a defendant, the jury should be instructed that it must find beyond a reasonable doubt that a defendant actually committed the prior offense before that evidence may receive any weight. Id. at 237-38.

The Court granted the State's motion for leave to appeal. 221 N.J. 216 (2015).

**HELD**: The evidence of defendant's prior sexual assault in Florida is inadmissible under N.J.R.E. 404(b) because it fails to satisfy the four-factor test established in State v. Cofield, 127 N.J. 328 (1992). The Court declines to adopt the appellate panel's bright-line rule that evidence of a prior crime for which a defendant was acquitted is always inadmissible. The Court also declines the appellate panel's reformulation of the instruction provided to jurors governing the circumstances under which a jury may give any weight to acquitted-crime evidence.

1. This appeal focuses on the admission of other-crime evidence -- specifically, the testimony of a female spa customer who alleged that she had been sexually assaulted by defendant, a crime for which defendant had been tried

and acquitted. In Cofield, supra, this Court established a four-prong test designed to avoid the over-use of extrinsic evidence of other crimes or wrongs pursuant to N.J.R.E. 404(b). The Cofield test requires that (1) the evidence of the other crime must be admissible as relevant to a material issue; (2) it must be similar in kind and reasonably close in time to the offense charged; (3) the evidence of the other crime must be clear and convincing; and (4) the probative value of the evidence must not be outweighed by its apparent prejudice. As the Court recently held in State v. Willis, ___ N.J. ___ (2016), other-crime evidence may be admissible "in sexual assault cases in which the victim's consent is a genuine and material issue[,]" ___ N.J. at ___ (slip op. at 18), but such evidence should be admitted with "restraint[,]" id. at ___ (slip op. at 25). (pp. 12-15)

2. The first Cofield factor requires that the evidence of the prior bad act, crime or wrong be relevant to a material issue that is genuinely disputed. Here, the trial court erroneously found that A.W.'s testimony satisfied the first Cofield factor as evidence of motive, intent, absence of mistake, or plan. Defendant does not argue that the alleged sexual assault of E.S. was consensual or accidental; rather, he maintains that the sexual assault never occurred. As such, A.W.'s testimony is inadmissible to establish motive, intent, or absence of mistake because defendant's state of mind is not a "genuinely contested" issue in this case. The testimony is also inadmissible for proof of plan, because it is insufficient to establish the existence of a larger continuing plan of which the crime on trial is a part. Because the proposed testimony does not serve any of the permitted purposes of other-crime evidence set forth in N.J.R.E. 404(b), the testimony is inadmissible under the first Cofield requirement. (p. 16-17)

3. For similar reasons, the proposed testimony fails to satisfy the fourth Cofield requirement that "[t]he probative value of the evidence must not be outweighed by its apparent prejudice." Cofield, supra, 127 N.J. at 338. The Court agrees with the Appellate Division that, even if probative value could be found in A.W.'s testimony, it is so greatly outweighed by the prejudicial effect as to render it inadmissible. (pp. 17-18)

4. Having determined that evidence of the Florida sexual assault was not admissible under the Cofield factors, it was not necessary for the appellate panel to discuss, much less impose, a bright-line rule prohibiting the admission of acquitted-act evidence in other cases. A bright-line bar on acquitted-act evidence is inappropriate, and the Court declines to adopt one here. In addition, the Court declines to adopt the panel's reformulation of the instruction provided to jurors governing the circumstances under which a jury may give any weight to acquitted-crime evidence. Specifically, the panel directed that, in the event other-crime evidence is admitted, the defendant had been acquitted of the charge, and the acquitted-act evidence is pivotal to the State's case, the jury should be instructed that it must be satisfied beyond a reasonable doubt that the defendant actually committed the prior offense. Having determined that the other-crime evidence should not have been admitted, the appellate panel addressed an issue that had no bearing on the disposition of the appeal, and effectively rendered an advisory opinion. (p. 18-22)

5. The Court emphasizes that N.J.R.E. 404(b) is a rule of exclusion and that the trial judge bears the burden of scrutinizing the proffered evidence to determine if it satisfies the Cofield rule. In the end, assuming the trial court finds that the proffered evidence is relevant, similar in kind, not remote in time, and does not cause undue prejudice, the other-crime evidence cannot be admitted unless the judge finds that the State has presented clear and convincing evidence that the defendant committed the offense.

The judgment of the Appellate Division is **AFFIRMED AS MODIFIED**.

**CHIEF JUSTICE RABNER, and JUSTICES LaVECCHIA, ALBIN, PATTERSON, and SOLOMON join in JUDGE CUFF's opinion. JUSTICE FERNANDEZ-VINA did not participate.**

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

       v.

J.M., JR.,

    Defendant-Respondent.


        Argued January 19, 2016 – Decided May 26, 2016

        On appeal from the Superior Court, Appellate Division, whose opinion is reported at 438 N.J. Super. 215 (App. Div. 2014).

        Laurie P. Cimino, Chief of Grand Jury Section, argued the cause for appellant (Sean F. Dalton, Gloucester County Prosecutor, attorney).

        Jennifer L. Gottschalk argued the cause for respondent (Law Offices of Richard Sparaco, attorney; Mr. Sparaco, on the brief).

        Joseph A. Glyn, Deputy Attorney General, argued the cause for amicus curiae Attorney General of New Jersey (John J. Hoffman, Acting Attorney General, attorney).

        Susan C. Green, First Assistant Deputy Public Defender, argued the cause for amicus curiae Office of the Public Defender (Joseph E. Krakora, Public Defender, attorney; Ms. Green and Tamar Y. Lerer, Assistant Deputy Public Defender, of counsel and on the brief).

JUDGE CUFF (temporarily assigned) delivered the opinion of the Court.

The Court granted leave to appeal to consider whether the State may introduce in defendant's trial for sexual assault evidence of a prior sexual assault of which defendant was acquitted. Defendant, a massage therapist, was charged with sexually assaulting a customer while giving her a massage. Prior to defendant's trial, the State moved to admit evidence that defendant had committed a similar sexual assault while working as a massage therapist in Florida. The trial court found the evidence admissible under N.J.R.E. 404(b), even though defendant had been acquitted of the prior crime.

On leave granted, the Appellate Division reversed the trial court's decision, finding the evidence inadmissible. State v. J.M., 438 N.J. Super. 215, 240 (App. Div. 2014). The appellate panel also held that, when a defendant has been acquitted of a prior crime, evidence pertaining to that crime "should never be admitted pursuant to N.J.R.E. 404(b)." Id. at 230. In addition, the appellate panel held that, when other-crime evidence plays a "pivotal role" in the State's case against a defendant, the jury should be instructed that it must find beyond a reasonable doubt that a defendant actually committed the prior offense before that evidence may receive any weight. Id. at 237-38.

2

We affirm the Appellate Division's judgment insofar as it held that the evidence of defendant's prior sexual assault in Florida is inadmissible under N.J.R.E. 404(b) because it fails to satisfy the four-factor test established in State v. Cofield, 127 N.J. 328 (1992). We decline to adopt, however, the appellate panel's bright-line rule that evidence of a prior crime for which a defendant was acquitted is always inadmissible. We also decline to adopt the appellate panel's reformulation of the instruction provided to jurors governing the circumstances under which it may give any weight to acquitted-crime evidence. Accordingly, we affirm as modified the judgment of the Appellate Division.

I.

Defendant J.M., Jr., was a massage therapist at a Washington Township spa. On July 5, 2012, E.S. and her aunt went to the spa for massage therapy. This was E.S.'s first massage. When E.S. and her aunt entered the spa, they were directed to the locker room and instructed to remove their clothes, place their belongings in a locker, and don spa-provided robes. E.S. then exited the locker room and was escorted to a private massage room. The spa assigned defendant to perform the massage. E.S.'s aunt received a massage from another massage therapist in a separate room.

3

Before E.S.'s massage, defendant informed her that he would wait outside the massage room while she disrobed, got under a privacy cover, and laid face down. A couple of minutes later, defendant knocked and, with E.S.'s permission, entered the room. Defendant massaged E.S.'s back. When he finished, defendant asked E.S. to turn over and lay on her back, lifting the privacy cover as E.S. turned beneath it. Defendant then began massaging E.S.'s front side.

While massaging E.S.'s right thigh, defendant asked if he could continue to massage E.S. further up her leg. E.S. became uncomfortable and told him no. Defendant continued to massage the area, rubbing slightly higher than the location E.S. had told him was high enough. E.S. flinched and was "a little freaked out" by defendant's proximity to her vagina during that portion of the massage, but attributed her discomfort to her own inexperience with massages.

Defendant switched to E.S.'s left leg, and again worked his way progressively from the calf muscles to the thigh muscles. This time, however, defendant did not wait for permission before massaging E.S.'s upper thigh. Instead, he asked aloud "can I get closer?" and immediately answered his own question with "I'm [going to] get closer." Moments later, defendant placed his hand underneath E.S.'s upper thigh and digitally penetrated her vagina. Defendant repeated the action, at which point E.S.

4

opened her eyes. When E.S. opened her eyes, defendant had one hand on her head, one hand in her vagina, and was exposing himself to her. Defendant asked E.S. to perform oral sex on him, which E.S. refused.

E.S. told investigators that defendant looked puzzled when she refused his advances, and his demeanor indicated that he had propositioned clients on other occasions. Defendant then commenced the standard pleasantries of concluding a massage, telling E.S. that he hoped she enjoyed the massage and would revisit the spa. Defendant then handed E.S. her robe and left the room.

When E.S. exited the massage room, defendant was waiting right outside the door to provide her with a glass of water. Defendant followed E.S. to the reception area, and, as they walked, emphasized his personal relationship with her aunt, who worked for the spa. Defendant then sat in the reception area, preventing E.S. from immediately disclosing the assault to her aunt. Defendant stayed with E.S. while her aunt left for another treatment. At that point, E.S. fled to the women's locker room. While E.S. was in a dressing room within the women's locker room, a female spa employee entered and noticed that E.S. had left personal effects unattended. The spa employee asked E.S. if she was all right, and E.S. said no.

5

Soon thereafter, E.S. reported the sexual assault to a spa manager.

After E.S. reported the sexual assault, her aunt took her to the hospital, where a sexual assault nurse examiner examined her for evidence of sexual assault. The nurse observed trauma to E.S.'s vagina, which she concluded was caused by digital penetration.

## II.

Defendant was arrested and taken to the Washington Township Police Headquarters to be interviewed. He denied any sexual contact with E.S., stating that "nothing out of the ordinary happened during [the] massage."

A grand jury charged defendant with one count of second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1), and one count of fourth-degree criminal sexual contact, N.J.S.A. 2C:14-3(b). Defendant pled not guilty.

Before trial, the State moved under N.J.R.E. 404(b) to admit extrinsic evidence of a prior incident in which defendant had been charged with, but ultimately acquitted of, sexually assaulting a female spa customer. The trial court conducted a hearing on this motion at which A.W., the alleged victim of the prior assault, testified.

A.W. testified that she visited a spa in Orlando, Florida, on August 26, 2006, where she received a massage from defendant.

6

A.W., an experienced spa patron, testified that, during the massage, defendant moved his hand up her thigh higher than was normal, massaged her clitoris, and digitally penetrated her vagina without her consent. After A.W. told defendant to stop, defendant removed his finger from A.W.'s vagina and stated that "I just want to make sure the guests are happy."

A.W.'s description of the alleged assault shared certain similarities with E.S.'s experience. For example, A.W. testified that defendant lifted the sheet as she turned from lying face down to lying on her back, just as he did with E.S. A.W. explained that this practice was effective but unique -- massage therapists usually "tell you to turn" and the customer "just kind of flip[s] underneath the sheet."

The trial court found A.W.'s testimony credible and ruled it admissible, finding that the proposed testimony satisfied each prong of the Cofield test. The court stated that the proposed testimony was relevant to establish motive, intent, plan, and/or absence of mistake; that the acts alleged by A.W. were similar in kind and reasonably close in time to the acts alleged by E.S.; and that, despite defendant's acquittal, A.W.'s testimony clearly and convincingly provided evidence that defendant touched A.W. inappropriately. The court also determined that the probative value of the proposed testimony

7

outweighed the potential for prejudice to defendant, given the need for reliable evidence of defendant's state of mind.

The Appellate Division granted defendant's motion for leave to appeal and reversed the trial court's evidentiary ruling. J.M., supra, 438 N.J. Super. at 240. The appellate panel held that the testimony was inadmissible because A.W.'s proposed testimony failed to satisfy any of the four Cofield factors. Id. at 221-30. Moreover, the panel held that evidence of a prior crime of which a defendant was acquitted "should never be admitted in a later prosecution when offered to show that the prior charged offense actually occurred." Id. at 240. In so holding, the Appellate Division explicitly limited the holdings of two previous Appellate Division decisions, State v. Yormark, 117 N.J. Super. 315 (App. Div. 1971), certif. denied, 60 N.J. 138, cert. denied, 407 U.S. 925, 92 S. Ct. 2459, 32 L. Ed. 2d 812 (1972), and State v. Schlue, 129 N.J. Super. 351 (App. Div.) certif. denied, 66 N.J. 316 (1974), which permitted acquitted-act evidence to be used in a subsequent proceeding in certain circumstances. J.M., supra, 438 N.J. Super. at 230-33. Finally, the panel held that, where "other-crimes evidence will play a pivotal role in the adjudication of guilt[,]" the jury should be instructed that it must find beyond a reasonable doubt that the other crime actually occurred in order for the other-crime evidence to receive any weight. Id. at 237-38.

We granted the State's motion for leave to appeal.  State v. J.M., 221 N.J. 216 (2015).

III.

A.

The State contends that the Appellate Division opinion should be reversed, and the trial court's ruling reinstated, because the proposed testimony satisfies each of the four Cofield requirements and is therefore admissible under N.J.R.E. 404(b).  The State also argues that the appellate panel's conclusion that acquitted-act evidence is per se inadmissible "runs far afield of established interpretations of N.J.R.E. 404(b)" because it usurps the third prong of the Cofield test -- that other-crime evidence be established clearly and convincingly.

Defendant maintains that the Appellate Division properly determined that the other-crime evidence offered by the State constituted propensity evidence expressly barred by N.J.R.E. 404(b).  In service of that argument, defendant encourages the Court to take an exacting approach to the relevance and materiality considerations of Cofield's first prong, and he contends that the trial court erred in finding that the proposed testimony was admissible to prove motive, intent, plan, or absence of mistake.  Defendant maintains that the motive and intent commensurate with the commission of sexual assault are

9

obvious, and that the jury does not need the benefit of the contested evidence to determine the motivation and intent behind the alleged crimes. Defendant also argues that, because he flatly denied assaulting E.S. and did not offer mistake as a defense, his state of mind is not a contested issue. Defendant also argues that two similar instances of alleged conduct, separated by six years and over one thousand miles, are insufficient to serve as evidence of a plan for the purposes of N.J.R.E. 404(b). Defendant urges affirmance of the Appellate Division's holding that acquitted-act evidence should never be admissible.

B.

The Attorney General, as amicus curiae, focuses on two portions of the Appellate Division opinion: exclusion of acquitted-act evidence when offered to show that the prior offense actually occurred; and, when other-crime evidence is admitted, the need for a jury instruction that the jury must be satisfied beyond a reasonable doubt that the other crime actually occurred. The Attorney General argues that the Appellate Division's decision is "destructive and unsound," running afoul of well-established precedent regarding the admissibility of evidence under N.J.R.E. 404(b).

The Attorney General contends that the appellate panel's ruling deprives the jury of its traditional truth-seeking

10

function.  The Attorney General also argues that the panel's decision to impose new jury instructions when other-crime evidence will play a pivotal role in the adjudication of guilt represents "an improper advisory opinion" because the panel was only asked to consider whether the 404(b) evidence at issue was admissible.  The Attorney General argues that this holding is harmful because it will force trial judges to make the subjective determination of which evidence is "pivotal," induce the State to introduce voluminous proof of other-crime evidence, and create fertile ground for appeals and reversals.

The Office of the Public Defender, as amicus curiae, contends that the proposed testimony fails to satisfy the Cofield factors and argues that acquitted-act evidence should never be admitted in a later prosecution if it is being offered to show that the prior offense actually occurred.  Reviewing the approaches of other states, the Public Defender identifies "three schools of thought" about the admissibility of acquitted-act evidence:  (1) nine states completely bar the admission of acquitted-act evidence; (2) twenty-one states follow the federal rule set forth in Dowling v. United States, 493 U.S. 342, 349-50, 110 S. Ct. 668, 672, 107 L. Ed. 2d 708, 718-19 (1990), which held that acquitted-act evidence may be admissible due to the lower standard of proof required under Fed. R. Evid. 404(b); and (3) ten states follow a fact-sensitive approach which allows the

11

admission of acquitted-act evidence in some instances, but bars the admission of evidence that was "conclusively rejected by a jury in the previous trial."  The Public Defender urges the Court to adopt the first approach, because a more fact-sensitive approach would be "hyper-technical" and "unworkable," and would fail to recognize the force of an acquittal.

IV.

The admission or exclusion of evidence at trial rests in the sound discretion of the trial court.  State v. Gillispie, 208 N.J. 59, 84 (2011).  "That discretion is not unbounded. Rather, it is guided by legal principles governing the admissibility of evidence which have been crafted to assure that jurors receive relevant and reliable evidence to permit them to perform their fact-finding function and that all parties receive a fair trial."  State v. Willis, ___ N.J. ___, ___ (2016) (slip op. at 15-16).

This appeal focuses on the admission of other-crime evidence -- specifically, the testimony of a female spa customer who alleged that she had been sexually assaulted by defendant, a crime for which defendant had been tried and ultimately acquitted.   N.J.R.E. 404(b) governs the admissibility of such evidence, and provides:

> [E]vidence of other crimes, wrongs, or acts is
> not admissible to prove the disposition of a
> person in order to show that such person acted

12

> in conformity therewith. Such evidence may be admitted for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident when such matters are relevant to a material issue in dispute.

"Because evidence of a defendant's previous misconduct 'has a unique tendency' to prejudice a jury, it must be admitted with caution." Willis, supra, ___ N.J. at ___ (slip op. at 16) (quoting State v. Reddish, 181 N.J. 553, 608 (2004)). "Prior-conduct evidence has the effect of suggesting to a jury that a defendant has a propensity to commit crimes, and, therefore, that it is 'more probable that he committed the crime for which he is on trial.'" Id. at ___ (slip op. at 17) (quoting State v. Weeks, 107 N.J. 396, 406 (1987)).

In Cofield, supra, this Court established a four-prong test designed "to avoid the over-use of extrinsic evidence of other crimes or wrongs" pursuant to a 404(b) exception. 127 N.J. at 338. The Cofield test requires that:

> 1. The evidence of the other crime must be admissible as relevant to a material issue;
>
> 2. It must be similar in kind and reasonably close in time to the offense charged;
>
> 3. The evidence of the other crime must be clear and convincing; and
>
> 4. The probative value of the evidence must not be outweighed by its apparent prejudice.
>
> [Ibid. (citation omitted).]

13

"[T]he party seeking to admit other-crimes evidence bears the burden of establishing that the probative value of the evidence is not outweighed by its apparent prejudice." Reddish, supra, 181 N.J. at 608-09. Ultimately, if the party seeking to admit the evidence "demonstrate[s] the necessity of the other-crime evidence to prove a genuine fact in issue and the court has carefully balanced the probative value of the evidence against the possible undue prejudice it may create, the court must instruct the jury on the limited use of the evidence." Cofield, supra, 127 N.J. at 340-41 (citation omitted).

As we recently held in Willis, supra, other-crime evidence may be admissible "in sexual assault cases in which the victim's consent is a genuine and material issue[,]" ___ N.J. at ___ (slip op. at 18), but such evidence should be admitted with "restraint[,]" id. at ___ (slip op. at 25). In many cases, "the unrestrained use of evidence of another marginally relevant and arguably remote-in-time sexual assault [will have] so clear a capacity to distract the jury from the evidence in support of the State's case-in-chief that it should [be] excluded." Ibid. Importantly, "other-crime evidence must be relevant to a genuinely contested fact and . . . the probative value of the proffered evidence must be critically evaluated in order to properly balance the relevance of the evidence and the prejudice

14

its admission will cause[.]" Id. at ___ (slip op. at 19) (citing State v. Stevens, 115 N.J. 289, 302 (1989)).

In a case in which a defendant contends the alleged assault did not occur, intent and absence of mistake are not at issue. In the absence of a genuinely contested fact, other-crime evidence is irrelevant and the first Cofield prong cannot be satisfied.[1]

When other-crime evidence, including acquitted-act evidence, is admitted at trial, and before the trial court instructs the jury on the limited and specific purpose for which the evidence has been admitted, the court must advise the jury as follows:

> Normally, such evidence is not permitted under our rules of evidence. Our rules specifically exclude evidence that a defendant has committed other crimes, wrongs or acts when it is offered only to show that he/she has a disposition or tendency to do wrong and therefore must be guilty of the charged offenses. Before you can give any weight to this evidence, you must be satisfied that the defendant committed the other [crime, wrong, or act]. If you are not so satisfied, you may not consider it for any purpose.

---

[1] We can envision certain circumstances in which motive evidence may be admissible in the face of a denial by the defendant that the charged act did not occur. A fact-sensitive evaluation of the proffered evidence would be required to determine if the defendant's motive is a genuine issue in the case. See State v. Rose, 206 N.J. 141, 162-63 (2011) (permitting evidence of earlier attempt to kill victim as evidence of motive in defendant's trial for purposeful murder as accomplice and felony murder of same victim).

15

> [Model Jury Charges (Criminal), "Proof of
> Other Crimes, Wrongs, or Acts (N.J.R.E.
> 404(b))" (June 4, 2007) (emphasis added).]

V.

A.

We affirm the Appellate Division's determination that A.W.'s testimony is inadmissible under N.J.R.E. 404(b) substantially for the reasons asserted in its opinion. J.M., supra, 438 N.J. Super. at 221-30. We add the following comments.

The first Cofield factor requires that "the evidence of the prior bad act, crime or wrong . . . be relevant to a material issue that is genuinely disputed." State v. Covell, 157 N.J. 554, 564-65 (1999). Under N.J.R.E. 401, evidence is relevant if it "[has] a tendency in reason to prove or disprove any fact of consequence to the determination of the action." "[T]he primary focus in determining the relevance of evidence is whether there is a 'logical connection between the proffered evidence and a fact in issue.'" Willis, supra, ___ N.J. at ___ (slip op. at 18) (quoting Covell, supra, 157 N.J. at 565). "Moreover, the material fact sought to be proved must be one that is actually in dispute[.]" Ibid. (citing Cofield, supra, 127 N.J. at 338).

Here, the trial court erroneously found that A.W.'s testimony satisfied the first Cofield factor as evidence of motive, intent, absence of mistake, or plan. Defendant does not

16

argue that the alleged sexual assault of E.S. was consensual or accidental; rather, he maintains that the sexual assault never occurred.  As such, A.W.'s testimony is inadmissible to establish motive, intent, or absence of mistake because defendant's state of mind is not a "genuinely contested" issue in this case.  Id. at ___ (slip op. at 19) (citing Stevens, supra, 115 N.J. at 302).  The testimony is also inadmissible for proof of plan, because it is insufficient to "establish the existence of a larger continuing plan of which the crime on trial is a part[.]"  Stevens, supra, 115 N.J. at 306 (quoting State v. Louf, 64 N.J. 172, 178 (1973)).  A "strong factual similarity" between the two sexual assaults is not enough to reveal a plan.  Id. at 305.  Because the proposed testimony does not serve any of the permitted purposes of other-crime evidence set forth in N.J.R.E. 404(b), the testimony is inadmissible under the first Cofield requirement.

For similar reasons, the proposed testimony fails to satisfy the fourth Cofield requirement that "[t]he probative value of the evidence must not be outweighed by its apparent prejudice."  Cofield, supra, 127 N.J. at 338.  As we explained in Willis, supra, N.J.R.E. 404(b) is "a rule of exclusion rather than a rule of inclusion."  ___ N.J. at ___ (slip op. at 20) (quoting State v. Marrero, 148 N.J. 469, 483 (1997)).  Given the "inflammatory characteristic of other-crime evidence[,]" the

17

trial court must conduct a "careful and pragmatic evaluation . . . to determine whether the probative worth of the [other-crime] evidence outweighs its potential for undue prejudice." Ibid. (quoting Stevens, supra, 115 N.J. at 303). We agree with the Appellate Division that, "even if probative value could be found in A.W.'s testimony, it is so greatly outweighed by the prejudicial effect -- namely, the jury's inevitable assumption that defendant has a propensity to engage in such conduct -- as to render it inadmissible." J.M., supra, 438 N.J. Super. at 229-30.

B.

Having determined that evidence of the Florida sexual assault was not admissible under the Cofield factors, it was not necessary to discuss, much less impose, a bright-line rule prohibiting the admission of acquitted-act evidence in other cases. A bright-line bar on acquitted-act evidence is inappropriate, and we decline to adopt it here. As illustrated by the Appellate Division's decisions in Schlue, supra, 129 N.J. Super. 351, and Yormark, supra, 117 N.J. Super. 315, there are certain limited circumstances in which such evidence should be admitted.

In Schlue, supra, the defendant was charged with obstruction of justice for attempting to induce a member of an alleged bribery scheme to conceal the scheme from police. 129

18

N.J. Super. at 352-53.  In an earlier proceeding, the defendant had been acquitted of the underlying bribery charge, but the State sought to admit evidence of the alleged bribery in order to prove the defendant's motive for obstruction.  Id. at 353.  The Appellate Division held that the evidence of the alleged bribery was admissible, even though the defendant had been acquitted of that crime, because "none of the issues of ultimate fact in the prosecution for obstruction of justice were involved or decided in the trial on the bribery charge[.]"  Id. at 355.  Therefore, the acquitted-act evidence could be admitted as evidence of the defendant's motive for obstruction without raising collateral estoppel or double jeopardy concerns.  Ibid.

In Yormark, supra, four defendants were convicted of a conspiracy to obtain money under false pretenses.  117 N.J. Super. at 323.  At trial, the State produced evidence of a previous conspiracy with many similar characteristics, even though two of the defendants had been acquitted of the prior conspiracy.  Id. at 334-35.  The Appellate Division held that the evidence of the prior conspiracy was admissible, notwithstanding the acquittals, as evidence of the defendants' plan, motive, prior course of dealing with each other, and knowledge relevant to committing the conspiracy with which they were presently charged.  Id. at 336-37.  The panel also found that the acquitted-act evidence did not implicate double

19

jeopardy or collateral estoppel because the underlying conspiracies arose from separate operative facts. Id. at 333-34.

As Schlue and Yormark reflect, there are limited circumstances in which acquitted-act evidence is both highly probative and not unduly prejudicial to a defendant, and therefore may be admissible. As with all other-crime evidence, acquitted-act evidence may only be admitted after a vigorous Cofield analysis. With respect to the third prong of the Cofield test -- the "clear and convincing evidence" requirement -- the fact that a defendant was acquitted of the prior crime will often weigh heavily against a finding that the evidence of that crime is "clear and convincing." See Cofield, supra, 127 N.J. at 338. On the other hand, an acquittal will not always vitiate the "clear and convincing evidence" requirement, especially when the State is not seeking to prove that a defendant actually committed the prior crime. For example, when the State seeks to prove that a prior criminal trial of a defendant provides a motive for subsequent criminal conduct, whether the defendant committed the prior act has no bearing on his motive. The mere fact that he was subject to a criminal charge suffices.[2]

---

[2] In the limited circumstances in which acquitted-act evidence is admissible, a defendant should have the option to request

In the third section of its opinion, the appellate panel directed that, in the event other-crime evidence is admitted, the defendant had been acquitted of that charge, and the acquitted-act evidence is pivotal to the State's case, the jury should be instructed that it must be satisfied beyond a reasonable doubt that the defendant actually committed the prior offense.  We do not adopt this portion of the opinion.  Having determined that the six-year-old other-crime evidence should not have been admitted, the appellate panel addressed an issue that had no bearing on the disposition of the appeal.  It effectively rendered an advisory opinion.  See G.H. v. Twp. of Galloway, 199 N.J. 135, 136 (2009) (declining to reach question of limits of statutory preemption of municipal action in context of challenge to viability of existing ordinances).

Furthermore, as illustrated in Willis, supra, were we to require a jury to determine whether the State established beyond a reasonable doubt that a defendant committed the other alleged crime, we would effectively require a trial-within-a-trial, with its attendant capacity to distract the jury from the case-in-chief and to inject the prohibited inference of the defendant's propensity to commit similar offenses.  ___ N.J. at ___ (slip

---

that the trial court inform the jury that a jury had acquitted the defendant of that charge.

op. at 23-24).  Such an instruction also minimizes the role of the trial judge, who is charged in the first instance with determining whether such evidence should be admitted.  See Gillispie, supra, 208 N.J. at 84 (holding that admission or exclusion of other-crime evidence "is left to the sound discretion of the trial court").[3]

We emphasize once again that N.J.R.E. 404(b) is a rule of exclusion and that the trial judge bears the burden of scrutinizing the proffered evidence to determine if it satisfies the Cofield rule.  In the end, assuming the trial court finds that the proffered evidence is relevant, similar in kind, not remote in time, and does not cause undue prejudice, the other-crime evidence cannot be admitted unless the judge finds that the State has presented clear and convincing evidence that the defendant committed the offense.  State v. Koskovich, 168 N.J. 448, 483-85 (2001).

## VI.

For the foregoing reasons, the judgment of the Appellate Division is affirmed as modified.

---

[3]  In addition, conditioning the text of a jury instruction on whether acquitted-act evidence is "pivotal" to the State's case introduces an unacceptable measure of unpredictability into the task of formulating a jury instruction that must contain a correct statement of the law.  We anticipate many instances in which the parties and/or the trial court will disagree on the significance of the proffered evidence to the State's case.

22

CHIEF JUSTICE RABNER, and JUSTICES LaVECCHIA, ALBIN, PATTERSON, and SOLOMON join in JUDGE CUFF's opinion.  JUSTICE FERNANDEZ-VINA did not participate.

23

SUPREME COURT OF NEW JERSEY

NO.   A-48          SEPTEMBER TERM 2014

ON APPEAL FROM _____ Appellate Division, Superior Court _____


STATE OF NEW JERSEY,

    Plaintiff-Appellant,

        v.

J.M., JR.,

    Defendant-Respondent.


DECIDED _____ May 26, 2016 _____
        Chief Justice Rabner                 PRESIDING

OPINION BY _____ Judge Cuff (temporarily assigned) _____

CONCURRING/DISSENTING OPINION BY _____

DISSENTING OPINION BY _____


| CHECKLIST | AFFIRMED AS MODIFIED | |
|---|---|---|
| CHIEF JUSTICE RABNER | X | |
| JUSTICE LaVECCHIA | X | |
| JUSTICE ALBIN | X | |
| JUSTICE PATTERSON | X | |
| JUSTICE FERNANDEZ-VINA | -------------------- | |
| JUSTICE SOLOMON | X | |
| JUDGE CUFF (t/a) | X | |
| TOTALS | 6 | |