**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3222-19T1

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

WILLIE MOORE,

    Defendant-Respondent.

_____

Argued telephonically June 2, 2020 –
Decided June 25, 2020

Before Judges Accurso, Gilson and Rose.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 17-05-1345 and 19-10-3056.

Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for appellant (Theodore N. Stephens II, Acting Essex County Prosecutor, attorney; Matthew E. Hanley, of counsel and on the brief).

John Walter Douard, Assistant Deputy Public Defender, argued the cause for respondent (Joseph E.

Krakora, Public Defender, attorney; John Walter Douard, of counsel and on the brief).

PER CURIAM

By leave granted on the eve of trial, the State appeals two pretrial Law Division orders: (1) granting defendant's motion in limine to bar "evidence from a previous case" under N.J.R.E. 405(a); and (2) reversing a prior order that granted the State's motion to join two indictments. We affirm the trial court's first order for reasons other than those expressed by the trial court, see State v. Heisler, 422 N.J. Super. 399, 416 (App. Div. 2011), and reverse the second order, thereby joining the indictments at issue.

The orders under review involve the interplay of multiple offenses charged against defendant in three separate indictments. We summarize the procedural history and key facts, which are largely undisputed for purposes of the present appeal.[1]

## I.

### A. The 2014 charges

---

[1] Because the State did not provide transcripts of the trials referenced in its merits brief, we rely instead on the parties' summaries of those proceedings and the documents contained in the parties' appendices on appeal.

In 2014, defendant and his girlfriend, Kareemah Walker, were indicted for weapons and receiving stolen property offenses, emanating from the seizure of a handgun from a compartment hidden in the dashboard of a Honda Accord. The car was registered to Walker but driven by defendant; they were found not guilty of both charges after trial.

## B. The 2017 charges

In 2017, defendant was charged in a multiple-count indictment with, among other crimes, weapons and drug offenses. The charges in that matter partially arose from evidence seized after police executed search warrants on defendant's home, business, and Mercedes Benz. But the issue on this appeal concerns contraband recovered from a Cadillac owned by defendant and registered to Walker. After defendant and Walker gave police consent to search the Cadillac, police seized a stolen handgun and prescription drugs from "an electronic secret compartment" that was "attached to [the] front passenger seat" of the Cadillac.

In September 2019, prior to trial on the 2017 charges, another court granted the State's motion to admit evidence of the hidden compartment

contained in the Honda under N.J.R.E. 404(b).[2] At trial, the State apparently presented testimony of an officer involved in defendant's 2014 arrest, who "testified about the trap in the car and defendant's behavior related to the trap, specifically that [d]efendant was banging on the console of the car as the officers approached the car." The officer also told the jury "a stolen gun and some prescription bottles were found in the [Honda's] trap."

## C. The 2019 charge

The alleged witness tampering offense occurred during a lunch break in the trial on the 2017 charges, after the trial court had ordered defendant to refrain from any contact with the State's witnesses. After the break, a State's witness testified[3] that defendant – whom she had known since 2014 – approached her in the cafeteria, inquiring why she was present in the courthouse. The witness told defendant "she was there to testify in his trial." Defendant responded: "You ain't got to be here. Go home." But the witness told defendant "she was staying to avoid arrest."

---

[2] The State provided the court's order granting the State's motion, but did not provide the transcript of the court's oral decision. Apparently, the trial on the 2017 charges was before the same judge that issued the orders on appeal, although another judge decided the Rule 404(b) motion.

[3] It is unclear from the record whether the witness testified about her encounter with defendant at trial or during an N.J.R.E. 104 hearing.

The jury convicted defendant of possession of hollow point bullets and several drug charges; acquitted defendant of drug distribution; and failed to reach a verdict on the weapons offenses, receiving stolen property, tampering with evidence, and maintaining fortified premises. The following month, the grand jury returned a separate indictment, charging defendant with witness tampering related to his encounter with the State's witness during the trial on the 2017 charges.

II.

A. The order precluding evidence of the Honda's hidden compartment

Prior to the presently pending retrial, the court granted defendant's motion to preclude the State from introducing in its case-in-chief evidence of the Honda's hidden compartment under N.J.R.E. 405(a). In a written statement of reasons accompanying its amended order, the court recognized the State again intended to elicit testimony from the officer who had arrested defendant in the 2014 matter "to testify about the trap in the [Honda] and [d]efendant's conduct pertaining to the trap." (Emphasis added).

Analyzing the proffered evidence under N.J.R.E. 405(a), the court framed the State's position as seeking "to show a character trait of [d]efendant to use traps in cars to hide weapons" because "that alleged character trait is relevant to

[d]efendant's conduct in the instant case – that he used a trap in the Cadillac to hide a stolen gun." Reasoning that defendant was acquitted of the 2014 charges, the judge concluded evidence of his conduct during that arrest "cannot be used in the instant case as evidence of [d]efendant's character trait pursuant to N.J.R.E. 405(a)." The trial court stayed the retrial pending appeal.

On appeal, the State argues the trial court erred by precluding evidence of "the existence of [the Honda's] secret compartment" under N.J.R.E. 405(a) because the State does not seek to admit that evidence to prove defendant's character. The State maintains the proffered evidence is admissible under N.J.R.E. 404(b), pursuant to the test enunciated by our Supreme Court in State v. Cofield, 127 N.J. 328 (1992).

We agree with the State that the trial court erred by analyzing evidence of the Honda's hidden compartment under N.J.R.E. 405(a) and failing to conduct a Cofield analysis under N.J.R.E. 404(b). Accordingly, our review is de novo. State v. Green, 236 N.J. 71, 81 (2018) (recognizing appellate courts owe no deference to the trial court's evidentiary ruling when it "should have, but did not perform a Cofield analysis").[4]

_____

[4] Although the State did not provide the first trial court's order and decision admitting evidence of the Honda's hidden compartment in the first trial, that

We briefly address the inapplicability of N.J.R.E. 405(a), which states that a witness's character trait, including for truthfulness, cannot be proven by specific instances of conduct other than prior convictions. State v. Parker, 216 N.J. 408, 418 (2014) (citing State v. Spivey, 179 N.J. 229, 242-43 (2004)). In this case, the existence of the Honda's hidden compartment and its contraband does not fall into the category of a specific instance of conduct and, as such, Rule 405(a) is not applicable.

In fairness to the trial court, however, the State apparently argued that it seeks to elicit testimony in the present retrial from the arresting officer in the 2014 matter – as it did in the trial on the 2017 charges – that defendant banged on the dashboard of the Honda when police stopped that car and discovered a stolen handgun and drugs in its hidden compartment. In its merits brief on appeal, however, the State argues the existence of the Honda's hidden compartment is relevant to defendant's "knowledge of the use of secret compartments in cars used to conceal weapons and drugs"; it does not mention

decision neither binds the present trial court nor us in deciding whether the evidence is admissible in the present trial. See State v. Reldan, 100 N.J. 187, 205 (1987) (recognizing the law of the case doctrine "as it is applied to rules or orders of an interlocutory nature is itself discretionary" and "should be applied flexibly to serve the interests of justice").

defendant's conduct during the 2014 arrest. And at oral argument before us, the State wavered, initially stating it seeks to admit evidence of the handgun and drugs seized from the Honda; then claiming it only seeks to admit evidence of the Honda's compartment. Although defense counsel counters the mere existence of a hidden compartment within a vehicle is not a crime, the existence of the compartment may be considered a "wrong" or "act" when it is utilized to conceal contraband, warranting analysis under N.J.R.E. 404(b).

Generally, evidence of "other crimes, wrongs, or acts" is not admissible, unless used for "proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident when such matters are relevant to a material issue in dispute." N.J.R.E. 404(b). Accordingly, the rule is one of "exclusion rather than a rule of inclusion." State v. J.M., 225 N.J. 146, 161 (2016) (quoting State v. Willis, 225 N.J. 85, 100 (2016)). Courts must therefore exercise caution when deciding whether to admit such evidence because it "has a unique tendency to prejudice a jury." Willis, 225 N.J. at 97 (internal quotation marks omitted).

In particular, evidence admitted under Rule 404(b) "has the effect of suggesting to a jury that a defendant has a propensity to commit crimes, and therefore, that it is 'more probable that he committed the crime for which he is

on trial.'" J.M., 225 N.J. at 158 (quoting Willis, 225 N.J. at 97) (citation omitted). Ultimately, if the party seeking to admit the evidence "demonstrate[s] the necessity of the other-crime evidence to prove a genuine fact in issue and the court has carefully balanced the probative value of the evidence against the possible undue prejudice it may create, the court must instruct the jury on the limited use of the evidence." Cofield, 127 N.J. at 340-41.

In Cofield, the Court articulated a four-pronged test for the admission of evidence under Rule 404(b):

> 1. The evidence of the other crime must be admissible as relevant to a material issue;
>
> 2. It must be similar in kind and reasonably close in time to the offense charged;
>
> 3. The evidence of the other crime must be clear and convincing; and
>
> 4. The probative value of the evidence must not be outweighed by its apparent prejudice.
>
> [Id. at 338 (citation omitted).]

Turning to the first Cofield factor, it is well-settled that "evidence of the prior bad act, crime or wrong [must] be relevant to a material issue that is genuinely disputed." J.M., 225 N.J. at 160 (quoting State v. Covell, 157 N.J. 554, 564-65 (1999)). Put another way, "to be relevant, the other-crimes

9

evidence must bear on a subject that is at issue at the trial, for example, an element of the offense or some other factor such as motive, opportunity, intent, or plan." State v. P.S., 202 N.J. 232, 255 (2010).

In this case, the State must prove defendant knowingly possessed the handgun and contraband seized from the Cadillac. See N.J.S.A. 2C:39-5(b); N.J.S.A. 2C:35-10(a). In that regard, knowledge of the handgun and drugs is a material element of both charges. Knowledge of the hidden compartment in the former vehicle tends to prove knowledge of a hidden compartment in another vehicle where, as here, defendant allegedly exercised control over both cars. Although it is unclear from the record whether defendant disputes knowledge of the Cadillac's hidden compartment in the present matter, the State must nonetheless establish he knowingly possessed the handgun and drugs concealed in that compartment. We conclude the existence of the Honda's hidden compartment and its contents is relevant to defendant's knowledge of the Cadillac's hidden compartment and its contents. See P.S., 202 N.J. at 255. Accordingly, the State has established the first Cofield prong.

As to the second prong, the compartments in the Honda and Cadillac were similarly covert, and three intervening years between defendant's possession of two vehicles with those compartments meets the temporal requirement under the

second Cofield prong. See State v. Williams, 190 N.J. 114, 131 (2007) (observing the second Cofield prong is not explicitly stated in the rule and, as such, that prong "need not receive universal application in Rule 404(b) disputes").

We also agree that clear and convincing evidence established the existence of the Honda's hidden compartment, even though defendant was acquitted of the crimes of possessing the handgun and drugs allegedly found in its compartment. Accordingly, the State has satisfied the third Cofield prong. See J.M., 225 N.J. at 162-63 (observing "an acquittal will not always vitiate the 'clear and convincing evidence requirement' especially when the State is not seeking to prove that a defendant actually committed the prior crime").

Turning to the fourth prong, the inquiry is "distinct from the familiar balancing required under N.J.R.E. 403[,]" which requires courts to consider whether the probative value of the evidence sought to be admitted is "substantially outweighed" by its potential for undue prejudice. Green, 236 N.J. at 83-84. Instead, under N.J.R.E. 404(b), the court need only determine whether "the probative value of such evidence is outweighed by [that] potential." Id. at 83.

In its merits brief, the State argues the probative value of the evidence outweighs its prejudice because hidden compartments in automobiles "are extremely rare" and that evidence shows defendant "had knowledge of the compartment and the gun in the compartment" of the Cadillac because "defendant was twice tied to cars with such compartments." (Emphasis added). The State maintains any prejudice can be offset by a limiting instruction. See Cofield, 127 N.J. at 340-41. We disagree.

Evidence of prior bad acts is not admissible to prove a criminal defendant had a propensity to engage in criminal activity or acted in conformity with prior criminal activity. Willis, 225 N.J. at 97. The concern in admitting evidence of prior bad acts is that "the jury may convict the defendant because he is a bad person in general." Cofield, 127 N.J. at 336 (1992) (citation and internal quotation marks omitted). Such evidence must be admitted with caution because it "'has a unique tendency' to prejudice a jury," J.M., 225 N.J. at 158 (quoting Willis, 225 N.J. at 97).

To the extent the State seeks to introduce evidence of the Honda's hidden compartment and its contraband, we conclude the prejudicial value outweighs its probative value. That contraband tends to show defendant has the propensity to engage in criminal activity even though defendant was acquitted of the

weapons and drug offense arising from his 2014 arrest. Accordingly, the State has not met the fourth Cofield prong, and evidence of the Honda's hidden compartment containing the handgun and drugs is not admissible in the State's case-in-chief.

Defendant's knowledge of the Honda's secret compartment, however, could be placed squarely at issue if defendant testifies and denies knowledge of the Cadillac's hidden compartment. See State v. Prall, 231 N.J. 567, 582-83 (2018) (applying the Cofield analysis where defendant's testimony "open[ed] the door" to otherwise inadmissible other crimes evidence). Under that limited circumstance, evidence of the mere existence of the Honda's hidden compartment is not outweighed by its prejudice because the jury will not learn that the Honda's compartment contained contraband – or that defendant banged on the dashboard when officers stopped the car.

Accordingly, if defendant testifies and denies knowledge of the existence of the Cadillac's hidden compartment, the State may introduce evidence through cross-examination of defendant or rebuttal testimony, limited to the existence of the Honda's hidden compartment. The State may not inquire about defendant's 2014 arrest or his conduct when the car was stopped by police. In such event, the trial court then must issue a limiting instruction when the evidence of the

Honda's hidden compartment is introduced at the retrial and again during its final charge. See Williams, 190 N.J. at 133-34; Model Jury Charges (Criminal), "Proof of Other Crimes, Wrong, or Acts (N.J.R.E. 404(b))" (rev. Sept. 12, 2016), n.1.

### B.  The order denying joinder of the 2017 and 2019 charges

Prior to trial, the court granted the State's motion to join the remaining charges of the 2017 indictment with the 2019 indictment, charging witness tampering that occurred during trial of the 2017 charges.[5]  The trial court initially determined joinder appropriate, finding the witness tampering offense arose during the trial of the 2017 charges and involves two of the same witnesses.

Recognizing that in the absence of joinder, the State nonetheless "would be inclined to introduce testimony and evidence about the [witness tampering] incident" to show defendant's consciousness of guilt the court concluded joinder was proper "for the purposes of judicial efficiency."  The court specifically determined defendant would not be prejudiced by evidence of the witness tampering charge in the retrial of the weapons and drug offenses because it "was

---

[5]  Following oral argument before us, the State provided the transcript of the court's decision granting joinder, at our request.

likely the testimony and evidence would come in anyway" in the event the offenses were severed.

Following the court's oral decision, defense counsel raised concerns about the court's joinder decision, claiming joinder would present "some sort of apparent conflict" because the court would become "both the judge and . . . a potential witness." Deeming counsel's application a reconsideration motion, the court thereafter reversed its previous order. The court expressed concerns of "a conflict of interest potentially or an appearance of impropriety" because it had issued the instructions to defendant in the trial on the 2017 charges that provided the foundation for the witness tampering charge. The court indicated it would preside over the retrial of the 2017 offenses, and the witness tampering charge would be tried before another court.

The trial court's decision to join offenses is discretionary and "entitled to great deference on appeal." See State v. Brown, 118 N.J. 595, 603 (1990). We will, however, reverse that decision, "if it constitutes an abuse of discretion." State v. Weaver, 219 N.J. 131, 149 (2014).

Our Supreme Court has long recognized joinder of "similar or related offenses" generally is preferred "[i]n the interests of [judicial] economy and efficiency." State v. Coleman, 46 N.J. 16, 24 (1966). Indeed, "if separate

offenses were required to be tried separately in all circumstances, the multiplicity of trials would disserve the State and defendants alike." State v. Manney, 26 N.J. 362, 366 (1958).

A trial court may order discretionary joinder of two or more indictments for trial "if the offenses and the defendants . . . could have been joined in a single indictment . . . ." R. 3:15-1(a). Two or more offenses may be joined in a single indictment "if the offenses charged are of the same or similar character or are based on the same act or transaction or on 2 or more acts or transactions connected together or constituting parts of a common scheme or plan." R. 3:7-6. "Notwithstanding the preference for joinder, Rule 3:15-2(b) vests a trial court with discretion to order separate trials if joinder would prejudice unfairly a defendant." State v. Chenique-Puey, 145 N.J. 334, 341 (1996). The "defendant bears the burden of demonstrating prejudice." State v. Lado, 275 N.J. Super. 140, 149 (App. Div. 1994).

In determining whether joinder is prejudicial, the critical inquiry is "whether, assuming the charges were tried separately, evidence of the offenses sought to be severed would be admissible under [N.J.R.E. 404(b)] in the trial of the remaining charges." Chenique-Puey, 145 N.J. 334, 341 (alteration in original) (quoting State v. Pitts, 116 N.J. 580, 601-02 (1989)). "If the evidence

16

would be admissible at both trials, then the trial court may consolidate the charges because 'a defendant will not suffer any more prejudice in a joint trial than he would in separate trials.'" Ibid. (quoting State v. Coruzzi, 189 N.J. Super. 273, 299 (App. Div. 1983)).

The trial court initially ordered joinder of both indictments, correctly recognizing the witness tampering charge was related to the 2017 indictment and demonstrated defendant's consciousness of guilt. "Our courts have long held that evidence of threats made by a defendant to induce a witness not to testify is admissible because it illuminates the declarant's consciousness of guilt." State v. Buhl, 269 N.J. Super. 344, 364 (App. Div. 1994); see also State v. Goodman, 415 N.J. Super. 210, 232 (App. Div. 2010). Evidence that a defendant instructed a witness not to testify is similarly admissible as inconsistent with innocence. See Williams, 190 N.J. at 120, 129-30.

Nonetheless, if the indictments were tried separately, our courts have repeatedly held that threats against a potential prosecution witness are not subject to exclusion under N.J.R.E. 404(b) or its predecessor because they manifest consciousness of guilt. See, e.g., State v. Yough, 208 N.J. 385, 402 n.9 (2011); State v. Hill, 47 N.J. 490, 500-01 (1966). As the trial court recognized, the jury in the retrial would therefore hear testimony of defendant's

alleged instructions to the witness during the lunch break to go home. If proven, that testimony would be probative of his consciousness of guilt. Defendant's "generalized concern about prejudice" cannot prevent joinder. State v. Handy, 215 N.J. 334, 354 (2013). The court should, however, issue the "multiple charges" instruction as part of its final charge. Model Jury Charge (Criminal), "Criminal Final Charge, Multiple Charges" (rev. May 12, 2014).

In our view, the trial court's initial decision joining the witness tampering indictment with the remaining charges of the 2017 indictment was correct. The court's reasons on reconsideration, reversing that decision, are based on its perceived conflict and appearance of impropriety that can be resolved by transferring the joined indictments to another judge for trial.

Affirmed in part; reversed in part.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION