**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4675-17T1

TAPPAN GOLD DRIVE RANGE,
INC.,[1] and MYUNG S. KOH,

     Plaintiffs-Respondents,

v.

SHEN JONG (JOSEPH) LIANG,

     Defendant,

and

GRACE LIANG, a/k/a YIN-YUN
LIANG, his wife,

     Defendant-Appellant.

_____

        Submitted December 11, 2019 – Decided December 18, 2019

        Before Judges Haas and Mayer.

        On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-4401-16.

---

[1]  The correct name of the corporate plaintiff is Tappan Golf Drive Range, Inc. (Tappan Golf).

Victoria Moruzzi Brown, attorney for appellant.

Kim & Bae, PC, attorneys for respondent (Andrew C. Miller, on the brief).

PER CURIAM

Defendant Yin-Yun (Grace) Liang appeals from a May 18, 2018 final judgment in favor of plaintiffs Tappan Golf and Myung S. Koh. The judgment was entered as a lien in the amount of $729,613.60 against property in Englewood Cliffs owned by defendant. We affirm.

The parties are familiar with the lengthy litigation history preceding the entry of judgment against defendant. We briefly summarize the relevant facts. Plaintiffs commenced an action in New York against a company owned by defendant's husband, Shen Jong (Joseph) Liang.[2] In 2008, plaintiffs obtained a judgment against Joseph's company for failure to return a security deposit. In seeking to collect on that judgment, in 2010, plaintiffs filed another action in New York. In plaintiffs' second action, the New York court entered a December 11, 2015 judgment for $1,064,676.67, holding Joseph personally liable for the judgment against his company.

---

[2] We refer to Joseph Liang by his first name because defendant shares the same last name. No disrespect is intended.

2

A-4675-17T1

To avoid payment of plaintiffs' New York judgment, in May 2012, defendant sold a home in Alpine, owned jointly by defendant and Joseph, for $1,725,000. Defendant retained the proceeds realized from the sale of the Alpine home, except for the sum of $200,000 which was retained by Joseph. Defendant deposited $513,393.33 that she received from the sale of the Alpine home. Defendant then used that money to purchase a home in Englewood Cliffs.

In 2016, plaintiffs filed an action in New Jersey against defendant and Joseph, alleging fraudulent conveyance of the Alpine home and seeking to attach a lien against the Englewood Cliffs property.

Judge Christine A. Farrington conducted a bench trial on May 9, 2018. The judge heard testimony from defendant, her husband, Joseph, and Koh and considered documents submitted as evidence at trial. Judge Farrington issued a comprehensive twenty-three page written decision entering judgment for plaintiffs and permitting the attachment of a lien against the Englewood Cliffs property in the amount of $729,613.60. Judge Farrington made detailed factual findings, as well as credibility determinations, in support of her decision. Based on the testimony and documentary evidence, Judge Farrington found the transfer of the Alpine home was fraudulent and intended to hide Joseph's assets from

A-4675-17T1

plaintiffs to avoid payment of the New York judgment. We affirm for the cogent reasons stated by Judge Farrington.

We add only the following comments. Our scope of review after a bench trial is limited. Final determinations of a trial court "premised on the testimony of witnesses and written evidence at a bench trial" are deferentially reviewed. D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013). "Findings by the trial judge are considered binding on appeal when supported by adequate, substantial and credible evidence." Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974). "[W]e do not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice[.]" Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (second alteration in original) (quoting In re Tr. Created By Agreement Dated Dec. 20, 1961, 194 N.J. 276, 284 (2008)).

Having reviewed the record, Judge Farrington's conclusions are adequately supported by substantial and credible evidence in the record. We defer to her credibility determinations as Judge Farrington had the opportunity

to see and hear the witnesses.  Gnall v. Gnall, 222 N.J. 414, 428 (2015) (quoting Cesare v. Cesare, 154 N.J. 394, 412 (1998)).

For the first time on appeal, defendant asserts plaintiffs' claim is barred by the statute of limitations in N.J.S.A. 25:2-31.  We note issues not raised before the trial court will generally not be considered on appeal, unless the issue concerns the jurisdiction of the court or matters of significant public interest.  R. 2:6-2; Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973).  Defendant satisfies neither exception to warrant our review of her newly asserted contention.  Further, defendant waived the statute of limitations defense by failing to timely assert such a defense.  See Williams v. Bell Tel. Labs., Inc., 132 N.J. 109, 119-20 (1993).

N.J.S.A. 25:2-25 identifies circumstances to support setting aside a fraudulent transfer.  Judge Farrington found Joseph fraudulently transferred his assets to defendant despite Joseph's obligation to pay plaintiffs' judgment.  N.J.S.A. 25:2-25 applies not just to debtors, such as Joseph, but to debtors' assets that are transferred fraudulently, subjecting the transferees, defendant here, to claims against them.  See Nat'l Westminster Bank N.J. v. Anders Eng'g Inc., 289 N.J. Super. 602, 606-09 (App. Div. 1996).

The remainder of defendant's arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4675-17T1