**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2758-22

STATE OF NEW JERSEY,
DEPARTMENT OF
ENVIRONMENTAL
PROTECTION,

      Plaintiff-Respondent,

v.

ALSOL CORPORATION,

      Defendant-Appellant.

_____

Argued September 19, 2024 – Decided October 1, 2024

Before Judges Mawla, Natali, and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Municipal Appeal Nos. MA-7-2022 and MA-1-2023.

Lawrence S. Berger argued the cause for appellant (Berger & Bornstein, LLC, attorneys; Lawrence S. Berger, on the briefs).

Peter Sosinski, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Attorney General, attorney; Sara M. Gregory, Assistant Attorney

General, of counsel; Willis A. Doerr, Deputy Attorney General, on the brief).

PER CURIAM

Defendant Alsol Corporation appeals from the Law Division's March 30, 2023 order dismissing plaintiff's complaint against it with prejudice, essentially arguing the court reached the correct result for the wrong reasons. Alsol also contends the court failed to consider its claim for legal fees pursuant to Rule 4:37-1(b). We affirm.

In 2017, plaintiff New Jersey Department of Environmental Protection (Department) filed a complaint against Alsol pursuant to the New Jersey Spill Compensation and Control Act, N.J.S.A. 58:10-23.11 to -23.24 (Spill Act), in the Borough of Milltown Municipal court alleging failure to remediate "property located at Block 58 Lot 1.01 Ford Ave & Main St." in Milltown. The Department contended Alsol owned the property and was liable under the Spill Act.

Alsol disputed the Department's authority to pursue an action under the Spill Act in municipal court, and the municipal court dismissed its complaint for lack of subject matter jurisdiction. The Department appealed to the Law Division, which determined the municipal court did have jurisdiction over a Spill Act claim and remanded the matter for adjudication on the merits. Alsol

A-2758-22

appealed and we affirmed. N.J. Dept. of Env't Prot. v. Alsol Corp., 461 N.J. Super. 354 (App. Div. 2019), certif. denied, 241 N.J. 400 (2020). The matter was later transferred to Sayreville Municipal Court because of a potential conflict of interest.

In 2022, the municipal court granted Alsol's motion to dismiss, finding a property owner may not be held strictly liable for a discharge that occurs on its property. The Department appealed to the Law Division under docket number MA-7-2022. The Law Division determined the record on appeal was insufficient and remanded the matter to the municipal court. While the matter was pending on remand, Alsol advised the municipal court that the alleged spill occurred on an adjacent property, lot 1.02, not lot 1.01, owned by SB Milltown Industrial Realty Holdings, L.L.C. (SB Milltown). SB Milltown was then a separate entity that shared at least one common officer with Alsol.[1]

The Department moved to dismiss the complaint against Alsol without prejudice because it did not own the contaminated property. The municipal court denied the Department's motion and dismissed the complaint with prejudice for the same reasons set forth in its prior decision. The Department

---

[1] Effective July 11, 2022, SB Milltown and Alsol were merged into S.B. Building Associates Limited Partnership.

3

appealed again under docket number MA-1-2023, arguing the municipal court should have dismissed the complaint without prejudice.

The Law Division consolidated the municipal appeals and heard oral argument on March 17, 2023. On March 30, 2023, the court entered an order dismissing the Department's complaint with prejudice supported by a written opinion. As to the first appeal, MA-7-2022, the court determined it was undisputed Alsol did not own the property and "[t]he Spill Act does not render liable a property owner whose property has no connection to a spill . . . that happened on neighboring property. The complaint against Alsol must therefore be dismissed with prejudice." The court also found the municipal court incorrectly ruled Alsol could not have been strictly liable even if it did own the property. Having dismissed the complaint with prejudice on the merits based on lack of ownership, the court dismissed the second appeal, MA-1-2023, as moot.

On appeal, Alsol argues: (1) the court's March 30, 2023 opinion contains inconsistencies, dicta, and an erroneous view of the law; (2) the court's determination that property owners are strictly liable for discharges on their property is incorrect; (3) the court ignored Alsol's request for legal fees pursuant

A-2758-22

to Rule 4:37-1(b); and (4) the Department's complaint should have been dismissed based on judicial estoppel.

The arguments raised in points one, two, and four lack sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(1)(E). "[I]t is well-settled that appeals are taken from orders and judgments and not from opinions, oral decisions, informal written decisions, or reasons given for the ultimate conclusion." Do–Wop Corp. v. City of Rahway, 168 N.J. 191, 199 (2001). "[A] party may not parse through the opinion of a trial judge and take an appeal from words, sentences, or sections of the opinion that [they] find[] 'objectionable' when the party is not asserting that the order or judgment was made in error." Bandler v. Melillo, 443 N.J. Super. 203, 210 (App. Div. 2015). Here, Alsol does not contend the court erred by dismissing the complaint with prejudice, only that in doing so the court made certain statements it finds objectionable. Alsol's objections to words, sentences, or sections of the court's opinion are not properly raised on appeal, and we decline to consider them.

We also reject Alsol's invitation to conclude hypothetically that it could not have been held strictly liable under the Spill Act even if it did own the property because such a decision would constitute an improper advisory opinion. It is well-established that courts generally decline to issue advisory opinions on

5

matters that are not clear controversies. G.H. v. Twp. of Galloway, 199 N.J. 135, 136 (2009) (declining to consider hypothetical questions because courts "cannot answer abstract questions or give advisory opinions"); Indep. Realty Co. v. Twp. of N. Bergen, 376 N.J. Super. 295, 301 (App. Div. 2005) (noting "it is well settled that [courts] will not render advisory opinions or function in the abstract").

We are not persuaded by Alsol's claim that the court failed to consider its claim for legal fees. Alsol does not identify how it allegedly "argued before [the court]" it should be awarded legal fees as a condition of dismissal. The record contains a single reference to an award of legal fees in a September 29, 2022, email from counsel for Alsol to the court. There is no indication this argument was ever properly raised below, and it was not addressed during oral argument on March 17, 2023.

To preserve an issue for appeal, the issue must be raised in a pleading or motion or, alternatively, in an objection. See, e.g., Tractenberg v. Twp. of W. Orange, 416 N.J. Super. 354, 377 (App. Div. 2010) (raising an issue in a brief preserves it on appeal); Nat'l Westminster v. Anders Eng'g, 289 N.J. Super. 602, 609-10 (App. Div. 1996) (raising an issue in a motion brief opposing summary judgment preserves the issue for appeal). Some formal presentation of the issue

is required. "Writing letters and sending packages to the court and parties apprising them of [an] argument is not properly presenting the issue for decision." Stransky v. Monmouth Council of Girl Scouts, Inc., 393 N.J. Super. 599, 612 (App. Div. 2007).

Because this argument was not properly raised below, we review for plain error. R. 2:10-2; Selective Ins. Co. of Am. v. Rothman, 208 N.J. 580, 586 (2012). Plain error must be "clearly capable of producing an unjust result." Baker v. Nat'l State Bank, 161 N.J. 220, 226 (1999) (quoting R. 2:10-2). "Relief under the plain error rule, [Rule] 2:10-2, at least in civil cases, is discretionary and 'should be sparingly employed.'" Baker, 161 N.J. at 226 (quoting Ford v. Reichert, 23 N.J. 429, 435 (1957)).

We are satisfied it was not plain error for the court to dismiss the complaint without awarding attorney's fees or costs. Rule 4:37-1(b) provides "an action may be dismissed at the plaintiff's insistence only by leave of court and upon such terms and conditions as the court deems appropriate." An award of attorney's fees and costs may be included as a "term and condition" of dismissal. See, e.g., Mack Auto Imps. v. Jaguar Cars, 244 N.J. Super. 254, 260 (App. Div. 1990). Such an award however is plainly discretionary and limited to those cases in which the court deems such an award appropriate. We can

discern no basis to conclude the court's failure to include such an award in this case was plain error.[2]

To the extent we have not addressed any of Alsol's remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] Even if the argument was raised below, we review a decision to award attorney's fees or costs following a voluntary dismissal under Rule 4:37-1(b) for an abuse of discretion. Garmeaux v. DNC Concepts, Inc., 448 N.J. Super. 148, 155-56 (App. Div. 2016). We are satisfied the failure to award attorney's fees or costs to Alsol was not an abuse of discretion under the facts of this case.

A-2758-22