**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0006-19

J.A.,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted February 23, 2021 – Decided April 28, 2021

Before Judges Gilson and Gummer.

On appeal from the New Jersey Department of Corrections.

J.A., appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Christopher J. Josephson, Deputy Attorney General, on the brief)

PER CURIAM

J.A. is involuntarily civilly committed to the Department of Corrections' Special Treatment Unit (STU) pursuant to the Sexually Violent Predator Act, N.J.S.A. 30:4-27.24 to -27.38.[1]  He filed a notice of appeal from an agency decision denying his request that the Department of Corrections (DOC) send certain of his mailings to courts by certified mail or priority mail when he does not have the funds to pay for the cost of those mailings.  He argues that "courts require certain legal mail[ings] to be submitted certified as proof of receipt" and, therefore, the DOC should be required to send his mail certified or priority at no cost to him.  Because J.A. failed to identify a specific court rule and a specific case requiring him to submit mailings by certified or priority mail, we dismiss this appeal as seeking an advisory opinion.  In addition, we dismiss the appeal because the record does not establish that the appeal is taken from a final agency action or decision.

The record submitted to us is limited; it consists of six short electronic messages.  On May 10, 2019, J.A. submitted an inquiry to the business office of the STU.  His specific message read:

> "The [mail room] has referred this to you, where, the court requires certain mail to be sent CERTIFIED to prove receipt or PRIORITY MAIL, since it tracks the envelope, [and] where, since I do not have funds on the

---

[1]  We use initials to protect privacy interests.

books you refuse me, where, I ask to be able to send these when needed."

A DOC employee responded: "What is your inquiry?"

On May 23, 2019, J.A. submitted a grievance objecting to that response. Specifically, he wrote: "I write to object, and as an APPEAL to No. 1900-1696, where CLEARLY I inquired into using certified mail as required by the court and the reply states, WHAT IS YOUR INQUIRY? Where I ask both these issues be addressed. Thank you." Another DOC employee responded on June 19, 2019, stating:

> Per Administration in answer to you appealing reference number 19001696, residents that do not have money in their account cannot send out certified mail or priority mail. You can send out regular legal mail. There is a legal loan placed on your resident account and when there is money available in your account the legal loan automatically is deducted from your balance until the loan is paid in full.

On June 23, 2019, J.A. responded that he "SUBMITTED [the issue] FOR APPEAL TO STATE COURTS." Additionally, he wrote: "Again, the courts require certain legal mail to be submitted CERTIFIED as PROOF OF RECEIPT. Where, again I request to send certain mail CERTIFIED, or PRIORITY."

A-0006-19

On August 5, 2019, the same DOC employee responded: "Per Administration the response is upheld. The court clerk can contact Administration and the DOC procedure can be explained to that court if needed."

J.A. seeks to appeal from the response he received on August 5, 2019. We dismiss the appeal for two reasons.

First, J.A. has not identified a specific court rule requiring the submission of certain mailings to the court by certified mail or priority mail. Indeed, J.A. has not identified any specific legal action necessitating him to send mail to a court. We decline to engage in speculation as to whether J.A. is involved in a court action and whether J.A. is required to submit mail to any court by certified or priority mail. It is well-established that courts generally decline to issue advisory opinions on matters that are not clear controversies. G.H. v. Twp. of Galloway, 199 N.J. 135, 136 (2009) (declining to consider hypothetical questions because courts "cannot answer abstract questions or give advisory opinions"); Indep. Realty Co. v. Twp. of N. Bergen, 376 N.J. Super. 295, 301 (App. Div. 2005) (noting that while the New Jersey Constitution does not confine the exercise of judicial power to actual cases and controversies, "it is well settled that [courts] will not render advisory opinions or function in the abstract.").

A-0006-19

In that regard, in his brief on appeal, J.A. never explicitly discusses the specific relief he is seeking. He also attempts to raise several other issues, including arguments that he should be appointed legal counsel or a legal guardian and that his access to the law library and legal materials have been denied by the DOC. There is nothing in the record that establishes that any of those claims relate to a specific case or action by the DOC. Accordingly, we decline to address them.

Second, the record presented to us does not establish that J.A. is appealing from a final agency action. The electronic communication sent on August 5, 2019 was sent by the same DOC employee who responded to J.A.'s grievance on June 19, 2019. Although the August 5, 2019 communication states that it is "Per Administration[,]" there is nothing in the record verifying that a senior member of the DOC authorized that communication as a final agency decision. We accept appeals only from "final decisions or actions of any state administrative agency or officer[.]" R. 2:2-3(a)(2).

In short, as the record does not establish that any court has required J.A. to submit certified mail or priority mail and because the record does not establish that the DOC has issued a final agency decision on an actual grievance, we dismiss the appeal.

A-0006-19

Dismissed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0006-19