# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4019-24

STATE OF NEW JERSEY,

     Plaintiff-Appellant,

v.

DONNIE E. HARRELL,

     Defendant-Respondent.

_____

Argued March 26, 2026 – Decided May 6, 2026

Before Judges Gilson, Firko, and Perez Friscia.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Union County, Indictment No. 19-12-0852.

Milton S. Leibowitz, Assistant Prosecutor, argued the cause for appellant (William A. Daniel, Union County Prosecutor, attorney; Milton S. Leibowitz, of counsel and on the brief).

Eric W. Feinberg argued the cause for respondent (Caruso Smith Picini, PC, attorneys; Timothy R. Smith, of counsel; Eric W. Feinberg, of counsel and on the brief).

PER CURIAM

The State alleges defendant Donnie E. Harrell sexually assaulted two young students when he was a music teacher at a public elementary school. According to the State, the assaults on the victims, A.R. and N.G., took place at different times between September 2014 and March 2016.[1]

Defendant was indicted for seven crimes: three related to A.R., three related to N.G., and one charging a pattern of official misconduct. Specifically, as to each victim, defendant was indicted for second-degree sexual assault of a victim under the age of thirteen by a person more than four years older, N.J.S.A. 2C:14-2(b) (count one relates to A.R. and count three relates to N.G.); second-degree endangering the welfare of a child by sexual conduct, N.J.S.A. 2C:24-4(a)(1) (count two relates to A.R. and count four relates to N.G.); and second-degree official misconduct, N.J.S.A. 2C:30-2(a) (count five relates to A.R. and count six relates to N.G.). Defendant was also indicted for second-degree engaging in a pattern of official misconduct, N.J.S.A. 2C:30-7(a) (count seven).

On leave granted, the State appeals from an August 26, 2024 order granting defendant's motion to sever the charges related to the two victims. The

---

[1]  We use initials to protect the privacy interests of the victims of alleged child sexual assaults.  See R. 1:38-3(c)(9).

State also appeals from a June 6, 2025 order directing that the severed charges are to be addressed in three separate trials: (1) a trial involving the charges related to A.R. (counts one, two, and five); (2) a trial involving the charges related to N.G. (counts three, four, and six); and (3) a trial on the charge of a pattern of official misconduct (count seven). The State contends that the trial court abused its discretion in severing the charges.

Having reviewed the record and law, we discern no abuse of discretion. Therefore, we affirm both orders. We also direct that the trials should take place in quick succession.

I.

Between 2014 and 2016, defendant was a music teacher at a public elementary school. On March 23, 2016, A.R. told a classmate, and later her classroom teacher, that defendant had inappropriately touched her while she was in his music class. A.R. was born in December 2007, and she was eight years old in March 2016. School officials reported the disclosure to the Division of Child Protection and Permanency (the Division), which, in turn, relayed the report to the Union County Prosecutor's Office (the Prosecutor's Office).

A week after the report was made, on March 30, 2016, a detective with the Prosecutor's Office conducted a video-recorded interview of A.R. She told

the detective defendant had touched her "private parts," "butt," and other parts of her body on several occasions. A.R. also stated defendant had rubbed his penis on her butt. According to A.R., the touching all took place in the music classroom, sometimes when other students were also present. Additionally, A.R. related her classmate Em.L. saw defendant touch her private area, and she had discussed the conduct with Em.L. Thereafter, Em.L. was interviewed and reported she saw A.R. had her hand on the back of her chair, defendant came up behind her, and he put his penis on her hand over his pants.

The Division separately investigated A.R.'s disclosure. Ultimately, the Division determined that the allegations against defendant were "unfounded." No charges were filed against defendant in 2016 or 2017.

In May 2018, more than two years after A.R. made her report, a detective with the Prosecutor's Office interviewed N.G. N.G. was born in December 2004, and in May 2018, she was thirteen years old. N.G. told the detective that when she was in the fourth grade, defendant had grabbed her hand and put it in his pants pocket. N.G. explained that she had been in an after-school music lesson taught by defendant. One day when she was alone with defendant in the music room, he took her hand, put it in the pocket of his pants, and she felt skin, which N.G. believed was his penis. N.G. also reported that on several other occasions,

A-4019-24

defendant had approached her from behind and had slid his "private parts" across her butt.

N.G. related that she had told her older sister, and later her younger sister, about what had happened. Thereafter, in 2018, N.G. told her mother about the touching and her mother arranged for her to engage in therapy.

The detective also interviewed N.G.'s younger and older sisters. The older sister recalled that N.G. had told her defendant made her feel uncomfortable. The younger sister recalled that N.G. had told her defendant had put his hand on top of N.G.'s hands.

Additionally, the detective interviewed S.G., who had been a classmate with N.G. in elementary school. S.G. recalled that in seventh grade, N.G. had told her defendant had put his private part on or near the piano while N.G. was playing the piano. She also recalled N.G. had told her that N.G. had touched defendant's private part when her hand was in defendant's pocket.

In 2019, defendant was indicted for four crimes related to the alleged assaults of A.R. and N.G. Later that same year, in a superseding indictment, defendant was charged with the same four crimes and three additional crimes, including official misconduct related to A.R. and N.G. and a pattern of official misconduct. The indictment alleged that the assaults on A.R. occurred between

5

September 1, 2015 and March 23, 2016.  The indictment also alleged that the assaults on N.G. occurred between September 1, 2014, and March 23, 2016.

In 2021, defendant moved to sever the charges so that the charges related to A.R. would be considered and tried separately from the charges related to N.G.  That motion and a motion for reconsideration were denied later in 2021. Defendant sought leave to appeal, but we denied that request.

In 2023, when the matter was about to proceed to trial, the State informed defense counsel that A.R. could no longer remember all the assaults she had disclosed in 2016.  Instead, at that time, she could recall only one assault. Defendant moved to limit A.R.'s testimony to the one assault she then recalled. Following an evidentiary hearing, the trial court granted that motion.

We granted leave to appeal and reversed.  State v. Harrell, 475 N.J. Super. 545, 551, 567 (App. Div. 2023).  We held that A.R.'s recorded video statement from 2016 could be shown to the jury at trial provided that A.R. testified at trial and was subject to cross-examination.  Id. at 567.  Thereafter, the Supreme Court affirmed our decision.  State v. Harrell, 256 N.J. 590, 592-93 (2024).

In June 2024, defendant moved again to sever the charges in the indictment.  That motion was heard by a different judge.  After hearing oral

argument, on August 26, 2024, the second judge issued an order and written opinion granting defendant's severance motion.

The State moved for reconsideration. On June 6, 2025, following further argument, the second judge filed and entered an order and written opinion granting reconsideration but then reaffirming her ruling that the charges related to A.R. would be severed from the charges related to N.G. The second judge also ordered that the pattern of official misconduct charge was to be tried separately. Accordingly, the second judge entered an order directing that there would be three trials: (1) a trial on counts one, two, and five related to A.R.; (2) a trial on counts three, four, and six related to N.G.; and (3) a trial on count seven, the pattern of official misconduct charge.

In the second judge's written opinion she analyzed the charges and considered whether those charges were admissible as other bad acts under N.J.R.E. 404(b). She also considered whether evidence of these crimes were intrinsic.

The judge rejected the State's argument that the charges related to A.R. and N.G. were intrinsic to each other and to the official misconduct and pattern of official misconduct charges. The judge reasoned that the acts involving each victim did not facilitate the other assaults. The judge then analyzed the charges

A-4019-24

under the four-factor Cofield test.  State v. Cofield, 127 N.J. 328, 338 (1992). In that regard, the judge determined that the alleged assaults occurred at different times and did not involve issues of opportunity, intent, or lack of mistake.

The judge did find that the evidence related to each victim was clear and convincing.  Finally, the court reasoned that the probative value of the evidence was outweighed by its potential prejudice.  Accordingly, having found that the evidence failed three out of the four Cofield factors, the judge ruled that the charges would be severed.  Furthermore, the judge ruled that even if the evidence had satisfied all the Cofield factors, the evidence was still inadmissible under N.J.R.E. 403 because the evidence was substantially more prejudicial than probative.

The State moved for leave to appeal from the August 26, 2024 and June 6, 2025 orders.  We granted leave.

II.

On this appeal, the State argues that the second judge abused her discretion in granting the severance motion.  In that regard, the State asserts that the evidence of the assaults are intrinsic to each other and to the misconduct charges.  The State also contends that the evidence is admissible under N.J.R.E.

404(b) because it satisfies each of the four Cofield factors.  The State articulates its argument as follows:

> [THE SECOND JUDGE] ABUSED HER DISCRETION BY GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION AND BY REVERSING [THE FIRST JUDGE'S] ORDER DENYING DEFENDANT'S MOTION TO SEVER.

Appellate courts accord considerable deference to a trial court's admission of other-crime evidence.  State v. Gillispie, 208 N.J. 59, 84 (2011).  We only disturb the trial court's decision "where there is a clear error of judgment."  State v. Rose, 206 N.J. 141, 158 (2011) (quoting State v. Barden, 195 N.J. 375, 391 (2008)).  "The admissibility of such evidence is left to the sound discretion of the trial court, as that court is in the best position to conduct the balancing required under Cofield due to its 'intimate knowledge of the case.'"  Gillispie, 208 N.J. at 84 (quoting State v. Covell, 157 N.J. 554, 564 (1999)).

A.  The Motions Seeking Severance.

Initially, we clarify what orders are on review.  Defendant filed multiple motions for a severance of the charges.  The 2021 orders, which denied the motion and the 2021 reconsideration motion, are not before us.  Instead, the orders on appeal are the August 26, 2024 order granting severance and the June

6, 2025 order allowing reconsideration but affirming the decision to sever the charges.

Moreover, when the trial court reviewed the motion filed in 2024, it was not governed by the palpably incorrect standard set forth in Rule 4:49-2; rather it had the right to reconsider the prior decisions as interlocutory rulings. See R. 4:42-2(b) (explaining interlocutory orders "shall be subject to revision at any time before the entry of final judgment in the sound discretion of the court in the interest of justice"); Lawson v. Dewar, 468 N.J. Super. 128, 134 (App. Div. 2021) (explaining the appropriate standard for a motion for reconsideration of an interlocutory order is the "interest of justice," not the "palpably incorrect" standard). Accordingly, the second judge had to consider whether it was in the "interest of justice" to reconsider the prior denial of severance. See Ibid. Indeed, the State correctly recognizes the interest of justice standard was the correct standard.

B. The Motion to Sever.

Rule 3:7-6 permits the State to charge two or more offenses in a single indictment "if the offenses charged are of the same or similar character or are based on the same act or transaction or on [two] or more acts or transactions connected together or constituting parts of a common scheme or plan."

"Although joinder is favored, economy and efficiency interests do not override a defendant's right to a fair trial." State v. Sterling, 215 N.J. 65, 72 (2013).

Rule 3:15-2(b) gives trial courts the discretion to order separate trials if joinder would unfairly prejudice a defendant. State v. Weaver, 219 N.J. 131, 148-49 (2014). Where a defendant "is prejudiced by a . . . joinder of offenses . . . the court may order an election or separate trials of counts . . . or direct other appropriate relief." R. 3:15-2(b).

The New Jersey Supreme Court has explained that these rules are designed to address the inherent

> danger when several crimes are tried together, that the jury may use the evidence cumulatively; that is, that, although so much as would be admissible upon any one of the charges might not have persuaded them of the accused's guilt, the sum of it will convince them as to all.
>
> [State v. Pitts, 116 N.J. 580, 601 (1989) (quoting United States v. Lotsch, 102 F.2d 35, 36 (2d Cir. 1939)).]

In addition, there is a risk that a jury may use the evidence of another crime to conclude that a defendant has a criminal propensity. State v. P.S., 202 N.J. 232, 255 (2010). A propensity inference could lead the jury to "employ an entirely 'different . . . calculus of probabilities' to determine the defendant's guilt or innocence." State v. Stevens, 115 N.J. 289, 303 (1989) (omission in original)

11

A-4019-24

(quoting Edward J. Imwinkelried, <u>The Need to Amend Federal Rule of Evidence</u> <u>404(b): The Threat to the Future of the Federal Rules of Evidence</u>, 30 <u>Vill. L.</u> <u>Rev.</u> 1465, 1487 (1985)).

Generally, evidence of "other crimes, wrongs, or acts" is not admissible, unless used for "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident when such matters are relevant to a material issue in dispute." N.J.R.E. 404(b)(1)-(2). Before undertaking an N.J.R.E. 404(b) analysis, however, a "threshold" determination needs to be made. <u>State v. Santamaria</u>, 236 N.J. 390, 410 (2019); <u>Rose</u>, 206 N.J at 180. First, a court should determine if the evidence of the other bad act is intrinsic to the charged crime. <u>Rose</u>, 206 N.J at 180-82. Second, if the evidence is not intrinsic it should be evaluated under the four-part <u>Cofield</u> test. <u>Id.</u> at 177-78.

A. Intrinsic Evidence.

Intrinsic evidence generally falls within two "narrow categories of evidence." <u>Id.</u> at 180 (quoting <u>United States v. Green</u>, 617 F.3d 233, 248-49 (3d Cir. 2010)). "First, evidence is intrinsic if it directly proves the charged offense." <u>Ibid.</u> (internal quotation marks omitted) (quoting <u>Green</u>, 617 F.3d at 248-49). "Second, 'uncharged acts performed contemporaneously with the

charged crime may be termed intrinsic if they facilitate the commission of the charged crime.'" Ibid. (quoting Green, 617 F.3d at 248-49). Intrinsic evidence is still subject to exclusion under N.J.R.E. 403 if its prejudicial nature substantially outweighs its probative value. State v. Garrison, 228 N.J. 182, 201 (2017); State v. B.A., 458 N.J. Super. 391, 412 (App. Div. 2019).

The State argues that evidence of the assaults on both victims are intrinsic to the charge of a pattern of official misconduct. Relatedly, the State contends to prove the pattern, it needs to prove defendant twice engaged in official misconduct and, therefore, the sexual assaults of each of the victims are intrinsic to the official misconduct charges. We reject this argument because the alleged assaults of one victim is not intrinsic evidence of the alleged assaults on the other victim. Moreover, intrinsic evidence is subject to a N.J.R.E. 403 analysis, and the second judge did not abuse her discretion in ruling that introducing all the evidence in one trial would be substantially more prejudicial than probative, even when applied to the pattern of official misconduct charge.

"A person commits the crime of a pattern of official misconduct if he [or she] commits two or more acts that violate [] N.J.S.A. 2C:30-2 or section [two] of [N.J.S.A.] 2C:30-6." N.J.S.A. 2C:30-7(a). In other words, to prove count

seven of the indictment, the State must prove that defendant engaged in two or more acts of official misconduct.

While the State will need to prove two or more acts of official misconduct by defendant, the separate assaults on each victim are not intrinsic to each other. Instead, as the second judge correctly recognized, the alleged assaults on A.R. and N.G. are separate and distinct from each other. The assaults were alleged to have taken place at different times and under different circumstances. Proof of an assault on one of the victims is not direct proof of the assault on the other victim. The assaults were also not performed contemporaneously with each other, and they did not facilitate each other.

The pattern of official misconduct statute expressly recognizes that a pattern can only be proven "if [defendant] commits two or more acts" of official misconduct. N.J.S.A. 2C:30-7(a). The plain language of "two or more acts," does not require or mean that evidence of one misconduct proves the other, or that both acts occur contemporaneously. Obviously, when the State tries the pattern charge, it will have to present evidence that defendant committed two acts of official misconduct. Nevertheless, given that defendant has not yet been convicted of any act of misconduct, the trial court had authority to sever the charges to avoid substantial prejudice under N.J.R.E. 403.

We therefore affirm the second judge's determination that the evidence of the separate assaults of the victims was not intrinsic. We also agree with the second judge's analysis, that even if the evidence was intrinsic, its prejudicial nature substantially outweighed its probative value. So, we also affirm the judge's intrinsic evidence ruling on the basis that the evidence was excludable under N.J.R.E. 403.

In making this ruling, we reject the State's argument that the pattern of official misconduct evidence is like a pattern of racketeering activity that must be proven under the New Jersey Racketeer Influenced and Corrupt Organizations Act (RICO), N.J.S.A. 2C:41-1 to -6.2. The RICO statute provides its own definition of a "[p]attern of racketeering activity," which requires evidence that a defendant was associated with a racketeering enterprise and engaged "in at least two incidents of racketeering conduct one of which shall have occurred after the effective date of this act and the last of which shall have occurred within [ten] years . . . after a prior incident of racketeering activity." N.J.S.A. 2C:41-1(d)(1). In other words, the pattern of racketeering activity necessary to prove a charge under the State RICO statute is distinct from the pattern of misconduct that must be proven to show a violation of N.J.S.A. 2C:30-7(a). See 33A N.J. Practice, Criminal Law § 14:17, at 459 (Robert Ramsey) (5th

ed. 2025) (explaining that "[u]nlike RICO" crimes, the underlying crimes for pattern of official misconduct "need not be interrelated or occur over a particular period of time").

B. Rule 404(b) and the Cofield Test.

N.J.R.E. 404(b) is a rule of "exclusion rather than a rule of inclusion." State v. J.M., Jr., 225 N.J. 146, 161 (2016) (quoting State v. Willis, 225 N.J. 85, 100 (2016)). Courts must, therefore, exercise caution when deciding whether to admit other-crime evidence because it "'has a unique tendency' to prejudice a jury." Willis, 225 N.J. at 97 (quoting State v. Reddish, 181 N.J. 553, 608 (2004)). "The test for assessing prejudice is 'whether, assuming the charges were tried separately, evidence of the offenses sought to be severed would be admissible under [N.J.R.E. 404(b)] in the trial of the remaining charges.'" Sterling, 215 N.J. at 73 (alteration in original) (quoting State v. Chenique-Puey, 145 N.J. 334, 341 (1996)). The party seeking to admit other-crime evidence must show that the probative value of the evidence is not outweighed by its apparent prejudice. Reddish, 181 N.J. at 608-09.

To meet that burden, the moving party must show that the evidence passes a four-prong test. Cofield, 127 N.J. at 338. In Cofield, the Court set forth the test for admission of evidence under Rule 404(b):

1. The evidence of the other crime must be admissible as relevant to a material issue;

2. It must be similar in kind and reasonably close in time to the offense charged;

3. The evidence of the other crime must be clear and convincing; and

4. The probative value of the evidence must not be outweighed by its apparent prejudice.

[Ibid. (quoting Abraham P. Ordover, Balancing the Presumptions of Guilt and Innocence: Rules 404(b), 608(b), and 609(a), 38 Emory L. J. 135, 160 (1989)).]

Evidence is relevant to a material issue if it has "a tendency in reason to prove or disprove any fact of consequence to the determination of the action." Rose, 206 N.J. at 160 (quoting N.J.R.E. 401).

The second judge determined the evidence of the assaults on the two victims were not relevant because defendant's motive, opportunity, intent, preparation, plan, or absence of mistake were not at issue. In that regard, the second judge found that because defendant denied he had assaulted either victim, motive, intent, and absence of mistake were not at issue. The judge also found opportunity and plan were not genuinely disputed issues in the case. We discern no abuse of discretion in those determinations. See State v. Smith, 471 N.J. Super. 548, 569-72 (App. Div. 2022) (holding evidence of a separate sexual

assault was not relevant to show "intent" or "absence of mistake" when defendant denied the allegations of the assault altogether).  See also State v. Oliver, 133 N.J. 141, 151 (1993) (permitting joinder of sexual assaults occurring in the same home when "feasibility," "defendant's use of pretext," and "intent" were at issue).

The second prong "requires that the other-crime evidence be similar in kind and reasonably close in time to the alleged crime, [but it] is implicated only in circumstances factually similar to Cofield."  State v. Skinner, 218 N.J. 496, 515 (2014).  The second judge correctly pointed out that the State's allegations regarding when A.R. was assaulted as compared to when N.G was assaulted were not precise.  Instead, the State generally alleged that the assaults on each of the victims took place at different times sometime between September 2014 and March 2016.  Just as importantly, the second judge reasoned the assaults were not similar in kind just because they allegedly took place in the same music room.  Instead, the reports made by A.R. and N.G. show each of the assaults were distinct in nature.  That reasoning is supported by the law.  See Smith, 471 N.J. Super. at 569-72; Oliver, 133  N.J. at 151.

The third prong requires the evidence of the other crime to be clear and convincing.  Cofield, 127 N.J. at 338.  The second judge found that the

allegations by the two victims were clear and convincing and, therefore, the third prong of the Cofield test was met.

The final prong is a balance between the risk of prejudice and the probative value of the evidence. The trial court must consider "[i]f other less prejudicial evidence may be presented to establish the same issue." Rose, 206 N.J. at 161 (alteration in original) (quoting Barden, 195 N.J. at 392). The prong "requires an inquiry distinct from the familiar balancing required under N.J.R.E. 403: the trial court must determine only whether the probative value of such evidence is outweighed by its potential for undue prejudice . . . not whether it is substantially outweighed by that potential." State v. Green, 236 N.J. 71, 83-84 (2018) (internal citation omitted).

After analyzing each victim's reports of the assaults, the second judge concluded that the evidence of the assaults on each of the victims would be highly prejudicial and the evidence was not particularly probative. Indeed, the judge found that even if it conducted the balancing analysis under N.J.R.E. 403, it would exclude the evidence because its prejudicial nature substantially outweighed its probative value. We discern no error or abuse of discretion in the second judge's balancing of the fourth prong of the Cofield test.

A-4019-24

We also agree with the second judge's reasoning that if evidence of the assaults of both victims was introduced in the same trial, they could tend to improperly bolster the credibility of each of the victims.  The State argues that the second judge improperly considered the bolstering of evidence because that is not a discrete element of the Cofield test.  We, however, have previously recognized that other-crime evidence can indeed bolster the credibility of sexual assault victims and, therefore, it is a legitimate issue to consider in making a determination on severance.  See Smith, 471 N.J. at 572 (recognizing "[a]dmission of other[-]crimes evidence to bolster [victims'] credibility [is] inappropriate"); P.S., 202 N.J. at 259 (explaining "an unrelated sex crime," with little probative value will not be admitted for the sole purpose of bolstering a witness's credibility).

## III.

The State also argues that even if we affirm, it will proceed with the trial on the pattern of official misconduct before the other two trials.  We reject that position.  The trial court has already ruled, and it has the discretion to determine the order in which the three trials will take place.  In other words, the existing procedural history of this case gives guidance on how it should move forward.  The State first indicted defendant on four crimes and later added the charge of

20

pattern of official misconduct in a superseding indictment. Having proceeded in that manner, the trial court has the discretion to control the order of the trials in this matter.

We also clarify that the trial court's discretion includes the authority to conduct the trials in quick succession. This case has been pending for a long time. The indictment was first issued in 2019. While the prior appeals contributed to the delay in the trial, the victims have a right to have their allegations determined in a timely manner. Indeed, the Supreme Court recognized the importance of the State proceeding expeditiously in trying charges involving sexual assaults of young victims. See Harrell, 256 N.J. at 592-93 (explaining "it is incumbent on the State to act expeditiously as it investigates and prosecutes matters that rely heavily on a young child's ability to recall events").

Accordingly, on remand, the trials should proceed expeditiously. Once the trial on one of the victim's claims has been determined, the second and third trial can then also proceed expeditiously, and the trial court and counsel should consider whether the second and third trial can be heard by the same jury. See Chenique-Puey, 145 N.J. at 343 (explaining a severed charge can be heard by the same jury in a sequential trial). In that regard, at the conclusion of the second

trial, the State will either have proven two acts of official misconduct and then can immediately proceed to try the pattern charge. Alternatively, if the State has not proven two acts of official misconduct, the pattern charge should be dismissed.

Affirmed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

22                                                                    A-4019-24